# Sloss-Sheffield Steel & Iron Co. v. Stewart.

## Injury to Servant.

(Decided May 18, 1911.  Rehearing denied June 8, 1911.
55 South. 785.)

1. *Master and Servant; Injury to Servant; Safe Place; Complaint.*—Where the action is for injury to a servant, and the complaint averred that plaintiff's injuries proximately resulted from the defendant's negligence in that defendant failed to exercise due care in and about making the roof of defendant's mine reasonably safe, as it was his duty to do. It was not demurrable for failure to allege that defendant violated any duty it owed the plaintiff, as the allegation of a failure to use due care was the equivalent of an allegation that the defendant failed to exercise reasonable care.

2. *Same; Instructions.*—Where the court charges the jury that it was defendant's duty to exercise ordinary care to keep its premises in a reasonably safe condition, that is, to use the same care as an ordinarily prudent man would exercise under the same or similar conditions, and if the defendant exercised that degree of care it would not be negligence, but if it failed to do so, then it would be negligence, it was abstractly correct since it did not state that the defendant would be liable to plaintiff under the conditions hypothesized, and was not rendered bad because omitting to require that the negligence must have been the proximate cause of the injury.

3. *Same; Proximate Result.*—In instructing the jury, the court said, "I did not tell you, if there was negligence on the part of the plaintiff, it had to be the proximate result of the injury to bar recovery. The same rule applies to both sides. If one side is guilty of negligence, it must proximately result in injury, or he would not be entitled to recover. I mean, if plaintiff was guilty of negligence, to bar recovery, it must be the proximate result of his injury." Held, that the use of the word "result" instead of "cause" did not render the instruction erroneous, since, if the injury must be the proximate result of the negligence, then the negligence must have been the proximate cause of the injury.

4. *Same.*—Where the plaintiff was injured by the fall of the part of the roof of a mill, a charge that in considering defendant's evidence, the jury should ascertain the conditions of the work in and about the timbering of the mine in maintaining the roof, and if the jury found that defendant failed to use due care in that respect, then it would be negligence, but if it used due care that an ordinarily prudent man would use in and about the same or similar mine in maintaining the roof, it would not be negligence, was not objectionable as authorizing a recovery because of negligence, if any, in failing to properly timber any part of the mine not covered by plaintiff's proof.

5. *Trial; Objections to Evidence; Effect.*—Where on the issue of plaintiff's earning capacity, a witness testified not only from information given him by the contractor under whom plaintiff was employed, to the amount plaintiff earned, but also stated that he himself had turned in plaintiff's time as regularly as the contractor did at $2.00 per day, an objection to the whole statement as being hear-say was properly overruled.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the hypothetical question was objected to by which plaintiff sought to prove a permanent injury, the testimony of the physician that the condition hypothesized would probably continue 18 months, or possibly a little over, the defendant was not prejudiced by the action of the court in overruling the objection to the question.

7. *Same; Instructions.*—A charge asserting that plaintiff would be entitled to recover for any decrease in his earning capacity, if the jury believe from the evidence there was such a decrease, was not prejudicial to the defendant on the theory that there was no proof as to plaintiff's earning capacity before and after the injury, since if there was no such evidence, the charge would be merely abstract.

8. *Witnesses; Examination; Recollection.*—Where plaintiff sustained an injury on account of the falling of a part of the roof of the mine and a person from whom plaintiff testified he had requested timbers to support the roof, stated on his direct examination that no such timbers were ever asked of him that he did not furnish, it was competent to ask such a person on cross-examination, as bearing on his recollection and veracity, if requests for timbers were not made almost daily, frequently two or more at a time, and if sometimes it would not take two, three or four days to furnish timbers to the last man when two or three requests came simultaneously.

9. *Damages; Earning Capacity; Nominal Damages.*—Where a servant is injured and sues for damages, but fails to introduce some evidence as to his earning capacity before and after the injury, he can recover nominal damages only for loss of earning capacity.

10. *Same; Instructions.*—Where there was evidence of plaintiff's previous earning capacity, and evidence also that he would never be able to perform heavy manual labor again, the defendant was not entitled to have the court charge the jury that plaintiff was not entitled to recover damages for any decrease in his earning capacity, since such a charge pretermitted his right to recover even nominal damages.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Wade Stewart against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 2 is as follows: "Plaintiff claims of defendant $5,000 as damages, in this: That on and prior to

the 30th day of March, 1909, the defendant was the owner of an ore mine in Jefferson county, Ala., and was operating the same, and that plaintiff was rightfully at work in said mine, assisting one Goodloe Robinson, who was employed by the defendant to mine ore in its said mine as a contractor, the plaintiff being hired by said Goodloe Robinson to assist him in and about the work of mining ore in said mine, and while plaintiff was so engaged at work in and about said mine, on or about the 30th day of March, 1909, a rock or some other substance fell from the roof of said mine upon plaintiff. [Here follows a catalogue of his injuries and special damages, the injuries being alleged to be permanent.] Plaintiff avers that his said injuries were proximately caused by the negligence of the defendant, in this: That it failed to use due care in or about making said roof reasonably safe and secure from falling, as it was its duty to do."

The demurrers were: "That it does not show that defendant violated any duty it owed to the plaintiff. That the facts relied upon to establish negligence do not show negligence as a matter of law. It does not show that the defendant negligently failed to use due care in and about making said roof safe and secure from falling, and that the allegation relative thereto was a mere conclusion of the pleader. The facts relied upon to show a duty owed by defendant to the plaintiff do not give rise to such duty."

The witness Stenson testified that plaintiff was 28 years old when he was hurt, and that he received $2 per day; that that was the amount the contractor said he paid him, but that the witness turned in the time for plaintiff nearly as regularly as the contractor did, and that he turned in plaintiff's time at $2 per day.

[Sloss-Sheffield Steel & Iron Co. v. Stewart.]

The question in the third assignment of error is as follows, addressed to Dr. J. H. Dunn: "Is he, or not, suffering from the injury he was suffering from at the time you made the first examination?" The answer showed that the plaintiff was suffering from the same injury that he suffered from at the time of the first examination.

The appellee propounded the following hypothetical question to Dr. Hanby: "Doctor, if a man sustains an injury such as you have described to the jury, and after two years' time he still suffered with a ruptured condition of the membranes of the bladder, would it not, in your judgment, be a permanent injury?" Objection was interposed by the appellant, and, the objection being overruled, the witness answered: "I don't know. I haven't had any experience in that. As a rule, they suffer some inconvenience about stooping over, or lifting, for possibly a period of 18 months, and sometimes, possibly, a little longer."

The following questions were propounded to the witness Holsenback on cross-examination: (1) "You had various contractors in different headings in that mine, requesting you almost daily for timbers to be set there?" The witness answered: "Yes, sir; I can't recollect the different contractors, nor the persons requesting timbers in the different headings, nor the times at which they requested same." (2) "Frequently you would have two or more men requesting timbers at the same time?" "Yes, sir." (3) "Sometimes it would take two, three, or four days to get around to the last man, when two or three requests came at the same time?" "Yes, sir."

The following part of the oral charge was excepted to: "Is it the duty of the defendant to exercise due care, ordinary care, to keep its premises in a reasonably

safe condition. It is the defendant's duty to use the same care that an ordinarily prudent man would, under the same or similar circumstances; and if the defendant has exercised that degree of care that an ordinarily prudent man would under the same or similar circumstances, it would not be guilty of negligence; but if it failed to do this, failed to exercise the care an ordinarily prudent man would have exercised, then it would be guilty of negligence."

The second exception to the oral charge is as follows: "An attorney has called my attention to the fact that I did not tell you, if there was negligence on the part of the plaintiff, it had to be the proximate result of the injuries to bar his recovery. The same rule applies to both sides. If one side was guilty of negligence, it must proximately result in injury, or he would not be entitled to recover. I mean, if the plaintiff is guilty of negligence, to bar recovery, it must be the proximate result of his injury."

The third exception is as follows: "Gentlemen, in considering the evidence of the defendant in this case, you will find out about the work in and about the timbering of the mine, in maintaining the roof. If you find that they fail to use due care in that respect, then they would be guilty of negligence; but, if they did use due care that an ordinarily prudent man would use in and about the same or similar mines in maintaining the roof, they would not be guilty of negligence. The court further charges the jury that the plaintiff would be entitled to recover damages for any decrease in his earning capacity, if they believe from the evidence there was such a decrease."

The following is charge 17: "I charge you that the plaintiff is not entitled to recover damages in this case for any decrease in his earning capacity."

[Sloss-Sheffield Steel & Iron Co. v. Stewart.]

TILLMAN, BRADLEY & MORROW, and M. M. BALDWIN, for appellant. The court erred in overruling demurrer as to count 2.—*Republic I. & S. Co. v. Williams,* 53 South. 76; *B'ham Ry., L. & P. Co. v. Weathers,* 164 Ala. 23; *So. Ry. Co. v. Burgess,* 143 Ala. 364; *B'ham Ry., L. & P. Co. v. Parker,* 156 Ala. 251; *Merriwether v. Sayre Mining Co.,* 161 Ala. 441. The court erred in admitting the testimony of Stenson as to what plaintiff was earning when he was hurt.—*L. & N. R. R. Co. v. Fitgerald,* 161 Ala. 397; *Dickins v. Murray,* 163 Ala. 566. The court erred in not excluding the hypothetical question propounded to Dr. Downing.—*Wes. Steel Co., etc. v. Bean,* 163 Ala. 255; *Grasselli Chem. Co. v. Davis,* 166 Ala. 471; *B'ham Ry., L. & P. Co. v. Butler,* 135 Ala. 388; *Tel. Co. v. Smith,* 47 South. 731. The question as to the number of timbers requested by others, and the time required to furnish them, and the answers thereto were improper.—112 Ala. 98; 93 Ala. 514; 137 Ala. 206; 100 Ala. 389; 158 Ala. 525; 112 S. W. 1026; 29 Cyc. 611; 21 A. & E. Enc. 518; LeBatte on M. & S., Sec. 819. The court erred in its oral charge to the jury.— *B'ham Ry., L. & P. Co. v. Moore,* 163 Ala. 44. Charge 17 should have been given.—*B'ham Ry., L. & P. Co. v. Harden,* 156 Ala. 244; *B'ham Ry., L. & P. Co. v. Camp,* 161 Ala. 457.

MATHEWS & MATHEWS, for appellee. Count 2 was not subject to the demurrer.—*G. P. Ry. Co. v. Davis,* 92 Ala. 300; *Gray Eagle Coal Co. v. Lewis,* 49 South. 859; *B'ham R., L. & P. Co. v. Adams,* 146 Ala. 269; *Lookout Mountain Iron Co. v. Lea,* 144 Ala. 169; *T. C., I. & R. R. Co. v. Burgess,* 158 Ala. 522. The court was not in error in its rulings on the evidence.—*Stewart v. Sloss-Sheffield Steel & Iron Co.,* 54 South. 48. There

was no error in the oral charge.—*Savage v. Milan,* 54 South. 180; *B'ham Ry., L. & P. Co. v. King,* 149 Ala. 504; *T. C., I. & R. R. Co. v. Burgess,* 158 Ala. 519. Charge 17 denied the right to recover even nominal damages and the court properly refused it.—*L. & N. R. R. Co. v. Binion,* 107 Ala. 645; *R. & D. R. R. Co. v. Farmer,* 97 Ala. 141; 119 Ia. 50.

ANDERSON, J.—Count 2 was not subject to the grounds of demurrer interposed thereto. It is true that it does not aver that the defendant negligently failed to exercise reasonable care, etc., in furnishing the plaintiff with a reasonably safe place, yet it avers that the plaintiff's injuries proximately resulted from the "negligence of the defendant, in this: That it failed to exercise due care in and about making said roof reasonably safe and secure from falling, as it was its duty to do." It was the duty of the defendant to exercise reasonable skill and care to furnish a reasonably safe place, etc., and the complaint avers a breach of this duty, in that the defendant failed to use *"due* care;" that is, the care owing the plaintiff, to wit, the exercise of reasonable skill and care, and was the equivalent of averring a negligent failure. If the defendant failed to exercise due care—that is, the care owing the plaintiff, to wit, the exercise of reasonable skill and care—this would be a negligent failure. This complaint is unlike the counts condemned in the cases of *Birmingham R. R. v. Parker,* 156 Ala. 251, 47 South. 138, and *Merriweather v. Sayre,* 161 Ala. 441, 49 South. 916. Whether or not the criticism of count 13, in the *Merriweather Case,* was apt, we cannot tell, as the demurrers are not set out in the report of the case; but this case can be no authority against the present holding as the counts are not at all the same. Indeed, count 13 in

[Sloss-Sheffield Steel & Iron Co. v. Stewart.]

said case is sui generis, as a careful reading of same will disclose. It charges the servant, and not the master, with the nondelegable duty of furnishing the plaintiff a safe place within which to work.

There was no error in not excluding all the testimony of the witness Stenson as to what the plaintiff was earning when injured. It is true he stated what the contractor said, and which was bad; but, independent of what the contractor told him, he stated that he turned in the plaintiff's time as regular as the contractor did, and that he turned it in at $2 per day. Therefore, independent of what the contractor told the witness, the testimony tended to show that plaintiff was earning $2 per day, and the motion to exclude did not eradicate the good from the bad, but went to all of the witness' testimony on the subject, and the trial court cannot be put in error for overruling said motion to exclude.

The question to Dr. Downing, covered by the third assignment of error, was rather awkwardly framed; but its purport was to ascertain the physical condition of the plaintiff at the present time, and the answer of the witness fully disclosed that the plaintiff had not entirely recovered from the injuries sustained, also that his present condition resulted from the stone falling on him.

The appellant can take nothing from the overruling of the objection to the hypothetical question to Dr. Hanby; for, if there was error in the question, the answer of the witness rendered it harmless, as the answer did not show a permanent injury, but tended to show that it would continue about 18 months, or possibly a little over.

The plaintiff had shown that a request had been made upon Holsenback for timbers for the mine in

question, and that said timbers had been promised, but had not been supplied. Holsenback then testified, upon direct examination, that no timbers were ever asked of him that he did not furnish. The plaintiff, therefore, had the right, upon cross-examination, to test the recollection and veracity of the witness, and the questions objected to were proper for this purpose, and the trial court did not err in overruling defendant's objections to same. We do not understand that these questions were intended to show other defects, but to merely weaken the testimony of the witness on the direct examination.

The first part of the oral charge excepted to was in the abstract a correct statement of the duty of the defendant. It does not state that the defendant would be liable to the plaintiff under the conditions therein hypothesized, and was not, therefore, bad for omitting that the negligence must have been the proximate cause of the injury. This charge is unlike the one held bad in the case of *Birmingham R. R. v. Moore,* 163 Ala. 44, 50 South. 115, as that charge stated that plaintiff would be entitled to recover upon the statement therein made, while the charge in question does not attempt to authorize the plaintiff to recover.

Nor was there any error in the explanatory part of the oral charge. We do not think that the use of the word *"result,"* instead of *"cause,"* made any material difference either in the sense or legal effect of the charge. If the injury must be the proximate result of the negligence, then, of course, the negligence must have proximately caused the injury.

There was no reversible error in the second exception to the oral charge. It was, in the abstract, a correct statement of the defendant's duty as to the props and roofs, but did not authorize a recovery or any lia-

bility on the defendant for any part of the mine not covered in the plaintiff's proof. It merely states conditions under which the defendant would be guilty of negligence, but does not attempt to instruct as to what result or effect the negligence would have on the instant case.

It may be that, when a party claims damages for the loss of earning capacity, he must furnish some data as to his earning capacity before and after the injury, and not leave it a pure matter of speculation for the jury. —*Manistee Mill Co. v. Hobdy,* 165 Ala. 417, 51 South. 871; *Birmingham R. R. v. Harden,* 156 Ala. 250, 47 South. 327; *Seaboard Co. v. Woodson,* 98 Ala. 382, 11 South. 733; *Helton v. Ala. Midland R. R.,* 97 Ala. 275, 12 South. 276. Failing to do this, he is entitled to no more than nominal damages.

The third exception to the oral charge, as to the plaintiff's right to recover for any decrease in his earning capacity, if they believe from the evidence there was such decrease, was a correct statement, and was with the hypothesis; and if the evidence did not exist, it was merely abstract and cannot operate to reverse the case.

Charge 17, refused the defendant, pretermitted the plaintiff's right to recover nominal damages for the decrease in his earning capacity, and its refusal was therefore justifiable.—*Harden's Case, supra,* and *Woodson's Case, supra.* Whether the plaintiff did or did not furnish sufficient data as to his earning capacity, before and after the injury, as to authorize the assessment of any specific sum as damages, we need not determine, as there was evidence from which the jury could infer that he would never be able to perform heavy manual labor, and of his previous earning capacity, this entitled him, under any aspect of the case, to nominal damages. It might be that if the plaintiff was not

entitled, under the evidence, to anything for decrease in his earning capacity, except nominal damages, that the giving of such a charge as 17 would not reverse the case; but the fact that it pretermitted nominal damages rendered it technically bad, and the trial court will not be reversed for refusing same.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

