(86 South. 464)

**STOCKBURGER et al. v. ADERHOLT.**
(7 Div. 63.)

(Supreme Court of Alabama. Oct. 21, 1920.)

**1. Trespass ⬅⇒19(8)—Statutory penalty not recoverable by timber vendor in possession.**

Landowner, after having conveyed standing timber, cannot recover the statutory penalty for wrongfully and knowingly cutting trees without owner's consent, even though he is in actual possession at the time of the cutting.

**2. Evidence ⬅⇒186(6)—Duplicate deed, executed to take place of previously executed deed, admissible.**

Duplicate deed, executed to take the place of an earlier deed, which was lost and unrecorded, held admissible; the rule against secondary evidence not being applicable in such case.

**3. Trespass ⬅⇒56—Exemplary damages allowable for intentional invasion.**

Where land has been invaded in intentional disregard of owner's rights and of his warnings not to do so, owner is entitled to exemplary damage.

**4. Trespass ⬅⇒68(1)—Instruction held misleading.**

In an action for trespass committed in cutting standing timber, instruction predicating a defense on defendants' possession of the timber and their entry upon the land to cut it, in good faith and under claim of right, held properly refused as misleading, being self-contradictory, in that defendants could not have had possession of the timber without possession of the land, there being no privity between them and plaintiff, and taking possession of the timber after a wrongful entry would itself be an act of trespass.

**5. Trial ⬅⇒252(6)—Instruction not warranted by evidence held properly refused as abstract.**

In an action for trespass, instruction predicating defense on defendant's possession of the timber cut by them held properly refused as abstract, where there was no evidence of any possession of the timber by defendants which could defeat the counts of complaint.

**6. Trial ⬅⇒261—Instruction made applicable to every count for trespass properly refused, where bad as to some of the counts.**

In action against defendants, who entered on plaintiff's land and cut standing timber, for trespass and for statutory penalty for willfully and knowingly cutting trees from land without owner's consent, instruction predicating a defense against every count of the complaint upon defendants' good faith and honest belief that they had a right to enter and cut the timber under a deed purporting to convey it to them held properly refused in such form, being bad as to the trespass counts.

**7. Trespass ⬅⇒56, 57 — Nominal damages recoverable.**

In an action for trespass, by entry on land and cutting standing timber, plaintiff may recover nominal damages and exemplary damages, independent of the actual injury, on failure to prove value of trees cut.

**8. Trespass ⬅⇒58—Damages held not excessive.**

In action for trespass against defendants for entering on and cutting timber from plaintiff's land, and for the statutory penalty for willfully and knowingly cutting trees from land without owner's consent, where there was testimony that defendants had cut about 200 of plaintiff's trees, verdict of $1,050 held not excessive.

Appeal from Circuit Court, St. Clair County; W. J. Martin, Judge.

Action by D. A. Aderholt against Eugene Stockburger and others for damages to trespass to land. Judgment for plaintiff, and defendants appeal. Affirmed.

The complaint is for trespass quare clausum fregit upon three 40-acre tracts of land belonging to the plaintiff, and also, in separate counts, for the statutory penalty for willfully and knowingly cutting trees from the same land without the consent of plaintiff, who is alleged to be the owner thereof.

M. M. & V. H. Smith, of Pell City, for appellants.

Only the owner may maintain an action for the cutting of trees, under section 6035, Code 1907. 195 Ala. 56, 70 South. 157; 135

Ala. 513, 33 South. 331; 122 Ala. 671, 26 South. 1030; 107 Ala. 640, 18 South. 266; 190 Ala. 288, 67 South. 439. If the evidence will not support an action for the statutory penalty, it will not support an action quare clausum fregit.

Harsh, Harsh & Harsh, of Birmingham, and Frank B. Embry, of Pell City, for appellee.

While we admit the proposition asserted by appellant, we insist that under the evidence plaintiff was entitled to recover on all the counts. 120 Ala. 198, 24 South. 439; 158 Ala. 95, 48 South. 383, 22 L. R. A. (N. S.) 1100; 195 Ala. 56, 70 South. 157. It certainly appears that defendants were willfully and knowingly cutting timber that they knew did not belong to them, and the burden was on them to show that the trees cut were within the size specified in Watkins' deed. 201 Ala. 18, 75 South. 308.

. SOMERVILLE, J.   With respect to the 80 acres described in the second count of the complaint, it was not shown that either plaintiff or defendants had any title other than by possession, and under the evidence it was clearly a question for the jury to determine whether plaintiff had prior actual possession of the land, and whether defendants' entry thereon to cut the timber, and their actual cutting of the timber, was an unlawful invasion of that possession.

[1] Under the fourth count, the evidence showed, as a matter of legal conclusion, that plaintiff had granted away all the timber measuring 10 inches and up at the stump, by a deed executed to one Watkins in 1906, to be removed by the grantee within five years, and that plaintiff had never reacquired the title thereto. As to such timber, in the absence of title, he could not recover the statutory penalty, even though he may have been in actual possession at the time of the cutting. Shelby Iron Co. v. Ridley, 135 Ala. 513, 33 South. 331, and cases therein cited.

Nevertheless, plaintiff's testimony shows that about 200 of the 632 trees cut on this land were of smaller size than 10 inches at the stump, and hence were not included in the grant to Watkins; so that there was ample support in the evidence for a verdict of $1,050, irrespective of the trees not owned by plaintiff. All of those issues of fact were properly submitted to the jury under appropriate instructions from the court.

As to the first and fourth counts, which are respectively for trespass and the statutory penalty for trees cut on what is called the "government 40," while the evidence of plaintiff's possession or title is not as satisfactory as it might be, we think that it was a question of fact for the jury. Our conclusion is drawn from the entire testimony of plaintiff, which is too voluminous for analysis and discussion in this opinion. The tendency of the evidence is to show that defendants' servants entered upon this 40 in the course of their employment, and cut a number of saplings, and injured the soil in the construction and use of wagon roads over its surface, and also cut some larger trees, all of which, it is inferable from the evidence, was known to and approved by defendants.

Whether or not the cutting on either of the tracts separately counted on in the complaint was willfully and knowingly done, under the conditions and circumstances shown, was a question of fact for the jury, and cannot be pronounced upon by us as a question of law. For the foregoing reasons, all the general affirmative instructions requested by defendants as to the several counts of the complaint were properly refused.

[2] The deed from Watson to plaintiff, given in 1916, to take the place of an earlier deed, which was lost and unrecorded, was properly admitted in evidence. It was not a secondhand copy, but was in fact an original deed, though it was given in duplication of the original grant. The rule against secondary evidence was in no sense involved.

[3] The jury could award exemplary damages, if they found that defendants had invaded plaintiff's lands in intentional disregard of his rights, and of his warnings not to do so. Goodson v. Stewart, 154 Ala. 660, 46 South. 239; So. Ry. Co. v. McEntire, 169 Ala. 42, 53 South. 158; 38 Cyc. 1144–1146. Under the evidence, we think the trial judge properly refused to instruct the jury to exclude exemplary damages from their verdict.

[4, 5] Charge 10, predicating a defense upon defendants' possession of the timber, and their entry upon the land, to cut it, in good faith and under claim of right, is self-contradictory, in that defendants could not have had possession of the timber without possession of the land, there being no privity between them and plaintiff, and taking possession of the timber after a tortious entry would itself be an act of trespass. Christopher v. Curtis-Attalla Lbr. Co., 175 Ala. 484, 490, 57 South. 837. There was no evidence of any possession of the timber by defendants which could defeat those counts of the complaint which are in trespass, and the charge was properly refused as abstract and misleading.

[6, 7] Charge (a), predicating a defense against every count of the complaint upon defendants' good faith and honest belief that they had a right to enter and cut the timber under a deed purporting to convey it to them, is fundamentally bad as to the trespass counts, and was properly refused in the form in which it was requested. Shipman

v. Baxter, 21 Ala. 456; Interstate Lbr. Co. v. Duke, 183 Ala. 484, 62 South. 845. It is true that no evidence was offered to show the value of the trees cut, or the amount of the injury done to the land, as an element of recovery under the trespass counts. But plaintiff could still have recovered nominal damages and exemplary damages, independent of the actual injury.

We do not overlook the contentions of appellants' counsel as to the state of the testimony bearing upon the issues of fact, but we are unable to agree with those contentions after an impartial consideration of the entire evidence.

[8] The only other question raised by the motion for new trial is upon the amount of the verdict. If the verdict were based upon the trespass counts alone, we might be inclined to condemn it as excessive; but if it were based upon the penalty counts, as it probably was, we could by no means pronounce it excessive.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 405.