## BIRMINGHAM ELECTRIC CO. v. MEALING.  (6 Div. 621.)

(Supreme Court of Alabama.   April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Carriers ⬅➡316(1).**

Where passenger on defendant's street car suffered injury by reason of its operation, burden is on defendant to show absence of negligence.

**2. Carriers ⬅➡320(21)—In street car passenger's action for negligent injury, case held for jury in view of conflicting evidence.**

Where, in action for injury suffered by passenger, her evidence was that she was thrown from seat when street car was stopped by collision with automobile, and defendant's evidence conflicted therewith as to fact and cause of injury, case was for jury.

**3. Damages ⬅➡158(3)—Damages to injured passenger for symptoms of miscarriage held recoverable under complaint alleging internal injury, shock, and mental and physical pain.**

In passenger's action for injury, where there was evidence that accident caused symptoms of miscarriage necessitating medical attention, complaint alleging internal injury, shock, and mental and physical pain was sufficient to permit a recovery of the damages shown.

**4. Carriers ⬅➡321(22)—Instruction that injured passenger could not recover damages caused "solely by her pregnancy" held properly refused, it being misleading.**

Instruction in passenger's action for injury, that jury could not award damages for suffering proximately caused to her "solely by her pregnancy," was properly refused, being open to construction that such suffering was not to be compensated notwithstanding it was brought on by defendant's alleged negligence.

**5. Trial ⬅➡253(3)—Instruction that plaintiff could not recover any damages for medicines and doctor's bills was properly refused, notwithstanding absence of proof of value, since it pretermitted right to even nominal damages.**

Where, in action for injury, there was evidence to show plaintiff's liability for medicines and doctor's bills incurred because of injuries, but no evidence of their value, court properly refused instruction that plaintiff could not recover any damages for these items, since instruction pretermitted right to even nominal damages.

**6. Damages ⬅➡216(6)—Evidence to show shock of accident made pregnant woman more liable to miscarriage, she not having been delivered at time of trial, could have been considered evidence of permanent injury.**

Evidence in pregnant passenger's action for injury tending to establish that shock of acci-

dent had made plaintiff, who had not been delivered at time of trial, more liable to miscarriage could have been considered as evidence of permanent injury, and instructions that no damages for permanent injury could be allowed was properly refused.

**7. Witnesses ⬅➡317(2).**

Where witness willfully, consciously, and intentionally testifies falsely to a material fact, jury may disregard her entire testimony.

**8. Carriers ⬅➡321(23)—Instruction that defendant had no duty to anticipate automobile would run against its street car held properly refused, where its agents were aware collision impended and shock to passenger might have been moderated by slowing up or stopping.**

Instruction that defendant was under no duty to anticipate that automobile would run against car was properly refused in passenger's action for injury, where evidence tended to show defendant's agents became aware that collision was impending, and shock might have been moderated by stopping car or slowing it up.

**9. Trial ⬅➡253(11)—Instruction that in determining weight of witness' testimony his interest in outcome might be considered, and that plaintiff was interested, might properly have been refused because pretermitting consideration of evidence lending weight to plaintiff's testimony.**

Instruction that, in determining weight to be given testimony of witness, his interest in outcome might be looked to, and that plaintiff was interested in outcome, might have been refused without error because pretermitting consideration of evidence which might have been accepted as lending weight to plaintiff's testimony.

**10. Evidence ⬅➡123(10)—Statements made by defendant's street car conductor after accident to injured passenger and by the passenger held erroneously admitted, since not of the res gestæ.**

Statements made to plaintiff by defendant's conductor after accident and statements by plaintiff at that time were admitted improperly over objection in action by street car passenger for personal injury when not admitted as impeachment, since they were not of the res gestæ.

Appeal from Circuit Court, Jefferson County, Bessemer Division; O. A. Steele, Judge.

Action for damages by Sarah Mealing against the Birmingham Electric Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

These charges were refused to defendant:

"5. I charge you, gentlemen of the jury, that if you believe the evidence you cannot award the plaintiff any damages to compensate her for any suffering that was proximately caused to her solely by her pregnancy.

"6. If you believe the evidence in this case, you cannot award the plaintiff any damages for medicines and doctors' bills.

"7. The court charges the jury that if you believe the evidence in this case, you cannot award the plaintiff any damages as for a permanent injury.

"8. If you find from the evidence that the plaintiff has willfully, consciously, and intentionally testified falsely to a material fact in this case, you are authorized to disregard her entire testimony."

"11. The defendant was under no duty on the occasion complained of to anticipate that an automobile would run against the said trailer car as it turned into Twentieth street from First avenue."

"13. If the jury believe the evidence in this case you cannot award the plaintiff any damages for a miscarriage or a threatened miscarriage."

"15. The court charges the jury that you may look to the interest of any witness in the outcome of this suit in determining what weight you will give such witness' testimony; and I further charge you that the plaintiff is interested in the outcome of the case."

Huey & Welch, of Bessemer, for appellant.

Damages resulting from another cause cannot be recovered in a personal injury case. Charges 5 and 13 should have been given. Blackman v. Mauldin, 164 Ala. 337, 51 So. 23, 27 L. R. A. (N. S.) 670; 4 Michie's Ala. Dig. 664; 8 R. C. L. 612. Charge 6, requested by defendant, should have been given. 4 Michie's Ala. Dig. 637; B. R., L. & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307; 8 R. C. L. 498, 654, 663. Likewise charge 7. 8 R. C. L. 470; 17 C. J. 762. And charge 8. Venable v. Venable, 165 Ala. 621, 51 So. 833; A. G. S. R. Co. v. Frazier, 93 Ala. 45, 9 So. 303, 30 Am. St. Rep. 28; 12 Michie's Ala. Dig. 448; 14 Michie's Ala. Dig. 1004. So of charge 11. Morrison v. Clark, 196 Ala. 670, 72 So. 305. And charge 15. 10 R. C. L. 1004; 6 Michie's Ala. Dig. 534; Shelton v. State, 144 Ala. 106, 42 So. 30. Defendant was due the affirmative charge. Irwin v. L. & N. R. Co., 161 Ala. 489, 50 So. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; N., C. & St. L. v. Crosby, 183 Ala. 237, 62 So. 889. The conversation between the conductor and the plaintiff after the accident was not a part of the res gestæ, and evidence thereof was inadmissible. Teague v. Ala. Coca Cola Co., 209 Ala. 205, 95 So. 883; 10 R. C. L. 978, 990; A. G. S. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; 22 C. J. 392.

Lipscomb & Lipscomb, of Bessemer, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1, 2] This case went to the jury on the first count of appellee's complaint alleging that she had suffered injuries to her person for that, being at the time a passenger on defendant's electric street car, defendant's agents or servants in charge so negligently operated the same as to cause plaintiff to be thrown violently from her seat and against the seat in front of her whereby she suffered injuries alleged in the complaint. The evidence was that the car in which plaintiff was a passenger was stopped by, or because of, a collision with a large automobile. Plaintiff was a passenger, as has been noted, and if she suffered injuries by reason of the operation of the street car, this put the burden on defendant to show that there was no negligence. Defendant by pleading and evidence denied any negligence, denied that the car had stopped with violence enough to cause discomfort or injury to any passenger, denied that plaintiff had been hurt, but alleged that, if hurt, her injury was caused by the fact that she had negligently protruded an arm through an open window. The evidence as to the issues thus formed was in conflict, and the result was for the jury to determine. Defendant, appellant, complains of the rulings of the trial court in the matter of evidence offered and charges given and refused.

[3, 4] Plaintiff's evidence was that at the time she was pregnant, and that the accident had brought on painful symptoms of miscarriage, along with other injuries. On that account she had received medical attention for seven or eight days. Charges 5 and 13, requested by defendant, were well refused. Defendant's proposition here is that plaintiff should not be allowed to recover damages for suffering brought on by the collision operating on her peculiar condition for the reason that the complaint had nothing to say of a threatened miscarriage or the symptoms incident to that condition. The complaint was, among other things, that plaintiff had been injured internally and had been severely shocked and caused to suffer mental and physical pain. This, we think, covered the case shown in plaintiff's evidence. On behalf of charge 5 it is further said that plaintiff should not have been allowed to recover any damage caused "solely by her pregnancy." As to that the charge was misleading. The argument is that if defendant's alleged negligence had no part in bringing on the symptoms of miscarriage, plaintiff could not recover on account of the suffering incident to those symptoms. True, of course; but that is not the proposition of the charge, which was open to the construction by the jury that the peculiar suffering resulting from such symptoms was not to be compensated notwithstanding it was brought on by defendant's alleged negligence.

[5] The judgment cannot be reversed on account of the court's refusal of charge 6 requested by defendant. There was evidence going to show plaintiff's liability for medicines bought and doctor's bill incurred by reason of her injuries, but there was no evidence of the value of the medicines or medical serv-

ices. · Still, plaintiff was entitled to recover, if at all, nominal damages for these items, and so error will not be predicated on the refusal of the charge in the form requested. Sloss-Sheffield Steel & Iron Co. v. Stewart, 172 Ala. 516, 55 So. 785; Birmingham Ry. Light & Power Co. v. Bush, 175 Ala. 49, 56 So. 731.

[6] Charge 7 was refused without error. Plaintiff's evidence tended to establish that by reason of the shock of the accident in which she was involved she was more liable to miscarriage than if the shock had not been suffered. At the time of the trial plaintiff had not yet been delivered. We will not say that these facts may not have been considered by the jury as evidence of permanent injury within the meaning of the complaint.

[7] Defendant's charge 8 should have been given. A. G. S. v. Frazier, 93 Ala. 51, 9 So. 303, 30 Am. St. Rep. 28; Venable v. Venable, 165 Ala. 627, 51 So. 833.

Charge 9, requested by defendant, was abstract. There was nothing in the case to require the giving of this charge.

Defendant's charge 10 also involved an abstraction.

[8] Under tendencies of the evidence, that is, that defendant's agents operating its car became aware of the fact that a collision was impending and that the severity of the shock to plaintiff might have been moderated by stopping the car or slowing it up before the impact, charge 11, requested by defendant, was properly refused. The charge takes no account of the stated aspect of the case, and was refused without error even though it be true as a general proposition that carriers are under no duty to anticipate such occurrences.

[9] Defendant's charge 15 might have been refused without error, because it pretermitted consideration of evidence in the cause which may have been accepted by the jury as lending weight to plaintiff's testimony. Wilkins v. State, 98 Ala. 1, 13 So. 312.

[10] Statements made to plaintiff by defendant's conductor after the accident and statements made at that time by plaintiff were not of the res gestæ of the accident and should not have been admitted as and when they were admitted over defendant's objection. A. G. S. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403. These statements might have been admissible by way of impeachment, but it does not appear that they were offered or admitted for that purpose.

The general affirmative charge and its equivalents were refused without error.

For the errors specified, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.