(137 So. 439)
## ALABAMA WATER SERVICE CO. v. JOHNSON.
### 6 Div. 944.

Supreme Court of Alabama.
Nov. 5, 1931.

Cabaniss & Johnston, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellant.

E. E. Wilson and Mathews & Mathews, all of Bessemer, for appellee.

530

**THOMAS, J.**

The several assignments of error challenge the action of the trial court refusing requested written instructions to the jury and overruling motion for a new trial.

The suit was for damages resulting from the discontinuance of water service from plaintiff's home for the period indicated. The duty in that behalf by such public service corporations is well understood and given expression in the general line of authorities in this jurisdiction. Birmingham, R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 565; Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206; Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96; Bessemer Water Works Co. v. City of Bessemer, 198 Ala. 535, 73 So. 905.

The respective theories of the parties on which the case was tried, were that of the breach of duty or willful conduct in cutting off the water, the unavoidable water conditions causing air pockets in the main which obstructed the pressure and flow to the plaintiff's residence and which were immediately remedied after notice, and the fact that if the water was cut off, it was temporarily done under the rules of the company and those of the contract, for the purpose of the required repairs.

The evidence was sufficient to submit to the jury the questions of willful conduct and pecuniary loss or inconvenience and annoyance as recoverable elements of damages. In Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96, it was declared that inconvenience and annoyances from wrongful failure to furnish water to customers, are recoverable elements of damages, and evidence of the distance and condition of the way to the spring where plaintiff was forced to get water during the interim was properly received; and the loss of time and labor in this behalf was sufficient to base a claim for damages upon, and other losses as the consequence of being deprived of the water itself, for which payment had been duly made as per contract and rules. Birmingham Water Works Co. v. Ferguson, 164 Ala. 494, 51 So. 150; Birmingham Water Works Co. v. Watley, 192 Ala. 520, 68 So. 330.

■ Error cannot be predicated upon the refusal of charges which should have been given, and yet were covered by the oral and given charges. Eggleston v. Wilson, 211 Ala. 140, 100 So. 89; Alabama Great Southern R. Co. v. Ensley Transfer & Supply Co., 211 Ala. 298, 100 So. 342.

The law of the case under the evidence, and the divergent theories of the parties under the pleading in short by consent, were properly given the jury.

■ Under the evidence of the plaintiff as to defendant's willful act, after deliberation and preparation to that end by its authorized agents to act in the premises, the tendency of defendant's evidence that the pressure chart showed no cutting off of water, and the nominal verdict returned, rendered the submission of the willful count without error. Under the circumstances and for the time of discontinuance of the service shown, and without proper and reasonable cause therefor, and with a knowledge of the probable injury and damage, made a jury question. Birmingham Railway, L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557; Alabama Water Service Co. v. Harris, 221 Ala. 516, 129 So. 5; Lienkauf & Strauss v. Morris, 66 Ala. 406. That is, we cannot say as a matter of law that it was not a willful and wanton act in cutting off the water without notice and with a knowledge of the probability of damages. Had defendant admitted shutting off the water and stood on justification of the act by reason of facts beyond its control or making it necessary to cut off the water, the question of wantonness would have been eliminated. However, and as stated, the defendant denied the willful and intentional discontinuance of the service, and asserted if such result existed, it was the effect of a condition which it had not caused and which was promptly remedied after notice. And in the small verdict rendered there was no assessment of punitive damages under count 3. There was no error in overruling the motion for a new trial.

■ The refusal of charges Nos. 42 to 45, inclusive, was without error. They pretermitted exemplary damages and should have been confined to the simple negligence count and the contract count.

Charges 53, 26, and 27 were either argumentative or fully covered by given charges Nos. 51 and 52 and under the oral charge of the court. Alabama Great S. R. Co. v. Ensley Transfer & Supply Co., 211 Ala. 298, 100 So. 342.

We find no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.