128 So.2d 481

**Joe RAMOS**

v.

**Oscar FELL.**

1 Div. 871.

Supreme Court of Alabama.
March 30, 1961.

Collins, Galloway & Murphy, Mobile, for appellant.

Harry Seale, Mobile, for appellee.

LAWSON, Justice.

Oscar Fell brought this suit in the Circuit Court of Mobile County against Joe Ramos. Fell recovered a judgment against Ramos for $2,500. Ramos has appealed.

The case went to the jury on Fell's amended complaint, which contains one count, and the defendant's plea of not guilty. The amended complaint is set out in the report of the case.

■ The original complaint was in trespass quare clausum fregit. It was in substantial compliance with Form 28, § 223, Title 7, Code 1940. The amendment added averments to the effect that if the defendant did not himself trespass "on the landing dock duly leased by the plaintiff," he committed the claimed trespass by and through his agent. Such added averments did not change the complaint to trespass on the case. The wrong thus averred is the wrong of the defendant himself as distinguished from the wrong of the agent. Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164, and cases cited, including City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389.

Ramos asserts that the judgment should be reversed because of the trial court's refusal to give the affirmative instructions which he requested in writing.

■ Where we are called upon to review the action of the trial court in refusing an affirmative instruction to a defendant, we must review the evidence in the light most favorable to the plaintiff, and if there is a scintilla to support the complaint, the trial court's action in refusing the charge must be affirmed. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171, and cases cited.

The evidence, when viewed in the light most favorable to the plaintiff, is substantially as follows:

Plaintiff Fell was the owner of a boat which he planned to charter to a fishing party during the 1958 Alabama Deep Sea Rodeo. He wanted a place to moor his boat at Dauphin Island and to that end he contacted L. W. Hager, who was the manager of a part of a dock on that island. The dock was owned or operated by the Doran Company. Fell secured from Hager as Doran's agent the following writing:

"7–25–58
"I Doran Co of Ala
"Rented to Oscar Fell—north end east side of Dock—in amount of nine dollars—from 7–25 6 a. m. till 7–28–58 6 a. m.
"L W Hager
"Doran Co of Ala."

According to Fell, he acted not only for himself but for another boat owner, F. W. Waltman, Jr., who paid Fell one half of the costs of the docking area, that is, the "north end east side of Dock." Waltman stated that he was present when Fell negotiated with Hager.

The 1958 Rodeo began on the morning of July 25th. At about 4:00 on the afternoon of that day the Fell and Waltman boats were brought out of the Gulf for the purpose of mooring them in the rented docking space. That space was not large

-enough for Fell and Waltman to moor their boats one behind the other. They planned to place one boat outboard or outside of the boat to be moored next to the dock.

When they arrived at the dock Fell and Waltman saw a boat moored in the rented docking space. They secured their boats to the boat which was so moored and went in search of the owner or operator of that boat. Inquiries disclosed that the boat was owned by Joe Ramos, but he could not be located. According to Fell, he saw Ramos on his boat shortly before the Fell and Waltman boats reached the dock. Ramos denied that he moored the boat at the dock but admitted it was moored by his agent, Landry. Landry testified that he moored the boat at the dock in accordance with authorization given him by Ramos.

Fell and Waltman wanted to get their boats moored to the dock in order to connect the electric lines to the electrical outlets on the dock. They removed the Ramos boat and moored Fell's boat next to the dock. They moored the Waltman boat outboard the Fell boat and they moored the Ramos boat outboard the Waltman boat. Lines from the Ramos boat were tied to the bits and cleats on the decks of their boats by Fell and Waltman.

Within a short time after the boats were placed as described above, a severe storm hit the dock and surrounding area. Efforts to hold the Ramos boat off the Waltman boat were unavailing. When the Ramos boat was torn from its mooring the bits and cleats of the Fell and Waltman boats, to which lines from the Ramos boat had been tied, were pulled from the decks. Fell and Waltman, with the assistance of others, were successful in getting the Ramos boat back in place. Later the anchor line from the Ramos boat was carried across the Waltman and Fell boats by Waltman and Fell and tied around a piling on the dock.

As the high wind continued, the Fell boat was battered against the side of the dock and the anchor line from the Ramos boat struck the cabin of the Fell boat with such force and rapidity as to do considerable damage to the cabin. The Fell boat was severely damaged in other respects.

■ A designated area on the dock was assigned to Fell for his use. This, of course, included the right to bring his boat alongside that area for the purpose of mooring his boat. Fell had the right to exclusive possession of the area so designated against all the world, including the owner or operator of the dock. Fell was a lessee, not a licensee. Lewis v. Ebersole, 244 Ala. 200, 12 So.2d 543; Holt v. City of Montgomery, 212 Ala. 235, 102 So. 49.

■ Disturbance of possession is the basis for an action in trespass quare clausum fregit. Louisville & N. R. Co. v. Higginbotham, 153 Ala. 334, 44 So. 872; Kay v. Adams, 223 Ala. 33, 134 So. 628; Frost v. Johnson, 256 Ala. 383, 54 So.2d 897.

■ Fell as a lessee had a right of possession sufficient to support an action of trespass quare clausum fregit. Papadopulos v. Defabrizio, 102 Utah 84, 125 P.2d 416; Price v. Osborne et al., 24 Tenn.App. 525, 147 S.W.2d 412.

■ The complaint avers and the evidence shows such a violation of Fell's property rights as entitles him to recover at least nominal damages irrespective of whether damages sustained by his boat were recoverable. Foust v. Kinney, 202 Ala. 392, 80 So. 474; Stockburger v. Aderholt, 204 Ala. 557, 86 So. 464.

The trial court did not err in refusing the affirmative instructions requested by the defendant.

■ Defendant's Charges 8, 9, 10, 11, 12 and 13 were refused without error. Each of them excludes the idea that nominal damages might be assessed. Smith v. Wolf, 160 Ala. 644, 49 So. 395; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334; Birmingham Electric Co. v. Mealing, 214 Ala. 597, 108 So. 511; Central of Georgia

Ry. Co. v. Barnett, 220 Ala. 284, 124 So. 868; Dawsey v. Newton, 244 Ala. 661, 15 So.2d 271. Those charges also ignored the claim for punitive damages. See Alabama Water Service Co. v. Johnson, 223 Ala. 529, 137 So. 439.

The court did not err to a reversal in refusing defendant's Charge 5, which predicates plaintiff's right to recover on the plaintiff's ownership or possession of the entire dock rather than of the part of the dock which plaintiff leased. For that reason, if for no other, Charge 5 was refused without error.

Assignments of Error 15 and 16 are treated in brief of appellant with Assignment of Error 12, which relates to the court's refusal to give defendant's Charge 11. We have already observed that Charge 11 was refused without error. Assignments of Error 15 and 16 do not raise questions kindred to that raised by Assignment 12. It follows, therefore, that we will not consider Assignments 15 and 16. Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 5, and cases cited.

The plaintiff claimed punitive damages and that issue was submitted to the jury.

It is only where the trespass is attended by rudeness, wantonness, recklessness or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation or gross negligence that a jury is warranted in assessing punitive damages in an action of trespass. Lienkauf v. Morris, 66 Ala. 406; Sugar Valley Land Co. v. Johnson, 17 Ala. App. 409, 85 So. 871.

During the course of the trial the court refused to permit the defendant to show by Hager that the dock which he operated and which is here involved was open to all boat owners except during the Deep Sea Rodeo. The court also refused to permit the defendant's witness Landry, whom the defendant says moored his boat at the dock on the occasion in question, to testify that he was not warned by sign or otherwise that the area where he moored his boat was leased and not open to use by him or any other boat operator.

We are of the opinion that such evidence should have been admitted to refute the charge of malice, rudeness, wantonness, recklessness, etc., and to show good faith on the part of the defendant and his agent, Landry. The fact that the defendant and Landry knew that during previous rodeos docking space had been leased or made available to certain boat owners did not render harmless these rulings of the court. Such evidence bore upon the question of punitive damages but would not be admissible to show the extent or amount of the actual damages. Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874; Wright v. Bentley Lumber Co., 186 Ala. 616, 65 So. 353; Pounds v. General Motors Acceptance Corp., 220 Ala. 145, 124 So. 204.

No ruling of the court presents for our consideration the question as to whether the plaintiff was entitled to recover in this case for the damages to his boat.

For the errors indicated, the judgment of the Circuit Court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.