William H. Dobbins sued Dave Cummans for a trespass on property belonging to Dobbins and for removing a sprinkler system, landscaping plants, a cedar fence, and sign lettering from that property. The trial court directed a verdict in favor of Dobbins on the issue of liability; Cummans did not object to this ruling by the trial court. The only issue submitted to the jury was the issue of damages. The jury returned a general verdict of $30,000 in favor of Dobbins. Cummans appeals and presents three contentions for review. The first contention is as follows: *Page 82 
"I. It was error to submit the question of punitive damages to the jury on the record in this case."
Having reviewed the evidence in a light most favorable to the prevailing party, Dobbins, as our standard of review requires, we conclude that the following facts were before the jury:
Cummans, who made no attempt to determine who owned two acres of land in the Romar Beach/Gulf Shores area of Baldwin County, Alabama, and without any permission or consent from the owner of the land, went onto this land and removed (1) 30 palm trees; (2) other plants that had been planted when the lot was landscaped; (3) the sprinkler system; (4) a cedar fence; and (5) sign lettering. An industrial back-hoe was used to dig many of the items out of the ground, and craters and holes were left in the land. Dobbins testified that the property had the appearance of having been bombed. Dobbins testified that the value of the land was $965,000 prior to Cummans's trespass and was $925,000 after the trespass. However, on cross-examination, Dobbins testified that his compensatory claim was for $20,000 rather than $40,000.
Although Dobbins argues that there is evidence to support a compensatory damages award of $30,000, we are not convinced that there was, for we cannot permit the trier of fact to take an isolated answer to a particular question, removed from the totality of that witness's testimony that explains or qualifies that answer, to establish a fact. Bradford v. McGee,534 So.2d 1076 (Ala. 1988); Alabama Farm Bureau Ins. Co. v. Hunt,519 So.2d 480 (Ala. 1987). Considering the totality of Dobbins's testimony, we conclude that there was proof of only $20,000 in compensatory damages.
Punitive damages are recoverable in an action based on trespass to real property when the trespass is attended by wantonness. First National Bank of Pulaski v. Thomas,453 So.2d 1313, 1320 (Ala. 1984). Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. Calvert Marsh CoalCo. v. Pass, 393 So.2d 955, 957 (Ala. 1980). There was sufficient evidence of wantonness on the part of Cummans. Therefore, it was not error to submit the question of punitive damages to the jury on the record in this case.
Cummans next makes this argument:
"II. The trial court committed reversible error in its refusal to permit the defense witness, Randy Laney, to testify to facts in mitigation that would have refuted the charge of malice, rudeness, wantonness, recklessness, etc., and would have shown the defendant's entry and taking to have been the result of a mistake committed in good faith."
Although Cummans sets out his second contention as it is stated above, the issue he raises appears to be whether the trial court erred in not permitting a nonparty, Randy Laney, over a hearsay objection, to testify to a conversation between Laney and another nonparty, Joe Brock, that took place outside the presence of the parties, several months before Cummans trespassed on Dobbins's property.
Both Laney and Brock were witnesses for Cummans. When the trial court refused to permit Laney to testify as to what Brock had told Laney, Cummans was permitted to interrupt his examination of Laney, without Dobbins having the right to cross-examine, and to put Brock on the witness stand. Brock testified that he did not recall any conversation that he had had with Laney. Cummans recalled Laney to the stand and again asked Laney what statements Brock had made to him. The trial court again sustained Dobbins's hearsay objection.
We have carefully reviewed the cases cited by Cummans,[1] but they are not persuasive in this case. There is nothing to show that Brock was an agent of Dobbins. This is hearsay in its primal form, because it is "that species of testimony given by a *Page 83 
witness who relates, not what he knows personally, but what others have told him or what he has heard said by others."Black's Law Dictionary 722 (6th ed. 1990). The trial court did not err in sustaining Dobbins's hearsay objection to these questions posed to Laney.
Cummans's third contention follows:
"III. The Court committed reversible error in its instruction to the jury concerning 'gross negligence' and, also, overemphasized the importance of that phrase by omitting it from its initial oral charge and recalling the jury to recharge specifically on that aspect of the submission."
Dobbins begins his discussion of this alleged error with the following:
 "There is no evidence in the record of a wanton, reckless, rude, insulting, fraudulent, malicious, oppressive or aggravated trespass. We are left with a punitive damages award based upon gross negligence."
This is not a correct statement. Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's right. Calvert Marsh Coal Co. v. Pass, supra. There is ample evidence in the record of a wanton trespass.
The trial court correctly defined gross negligence, and it was appropriate to charge on gross negligence. We find no improper emphasis on the concept of gross negligence. The trial court did not err in its charge to the jury.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Ramos v. Fell, 272 Ala. 53, 128 So.2d 481 (1961); Southern Ry.v. Hayes, 183 Ala. 465, 62 So. 874 (1913); and Wright v.Bentley Lumber Co., 186 Ala. 616, 65 So. 353 (1914).