On July 27, 1987, Brett William Kellum, a minor, died after the motor scooter he was operating left the road and collided with a tree. His father, John W. Kellum III, sued Jefferson County, alleging that it had negligently and/or wantonly placed signs on the roadway and had negligently and/or wantonly maintained the roadway and that its negligence and/or wantonness had proximately caused the minor's death. The jury returned a verdict for the County. Kellum filed a motion for new trial, alleging juror misconduct. The trial court granted the motion, without a hearing. The County appeals.
The County maintains that the trial court abused its discretion in granting a new trial in the absence of any supporting evidence of juror misconduct.
Juror misconduct will justify a new trial when an affidavit, oral testimony, or a deposition indicates that the misconduct resulted in bias or corruption or that the misconduct affected the verdict, or when, from extraneous facts presented by affidavit, testimony, or deposition, prejudice may be presumed as a matter of law. Whitten v. Allstate Ins. Co., 447 So.2d 655
(Ala. 1984).
Kellum, in his new trial motion, alleged juror misconduct. However, no competent legal evidence of juror misconduct appears in the record. See Rule 43(e), Ala.R.Civ.P. Therefore, there was no evidence before the trial court on which to grant a new trial. The trial court, therefore, abused its discretion in granting the new trial.
We reverse the order granting a new trial and remand the case. The trial court shall permit the plaintiff to introduce competent legal evidence, if he has any, to show the juror misconduct that he says influenced and prejudiced the jury in reaching its verdict.
We note that Kellum attached an affidavit to his brief filed in this Court; that affidavit was not presented to the trial court on the motion for new trial and it is not properly before us on appeal. Therefore, we cannot consider it. However, we note that even if the affidavit had been properly presented to the trial court, it would have been excluded upon the County's objection; the affidavit is hearsay and does not fall within any recognized exception to the hearsay rule. J. Colquitt,Alabama Law of Evidence, § 8.1 (1990); see Cummans v. Dobbins,575 So.2d 81 (Ala. 1991).
 "In conformity with the general rule of evidence excluding hearsay statements, hearsay evidence is not admissible in support of a motion for a new trial, and a new trial will not be granted on the basis of *Page 428 
such evidence. Affidavits in support of a motion for a new trial should be based on the knowledge of the affiant, and not on hearsay or information and belief. This rule is frequently applied where a new trial is sought because of matters affecting the jury, and it is very generally held that on such a motion affidavits or other evidence of declarations or admissions made by jurors after the rendition of the verdict may not be received or considered in support of a motion for a new trial, for the purpose of showing such matters as incompetency of jurors to act in the particular case, misconduct of jurors, the effect of misconduct on the verdict, the method of reasoning by which the jury arrived at the verdict, or that the verdict was corruptly secured."
66 C.J.S. New Trial, § 172 (1970) (citations omitted).
We note that the County contends that the trial court erred in granting Kellum's motion for a new trial without a hearing on the merits in accordance with Rule 59(g), Ala.R.Civ.P. Because we reverse and remand on other grounds, we need not address this issue.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.