PRICE v. OSBORNE et al.—147 S. W. (2d) 412.

Middle Section. November 16, 1940.

Petition for Certiorari denied by Supreme Court, February 15, 1941.

O'Brien & Pepper, of Springfield, for plaintiff in error Price.
Charles Willett, of Springfield, for defendant in error Mrs. Grubbs.
Rhea Morgan Burrow, of Springfield, for defendant in error Osborne.

CROWNOVER, J. This is an action to recover damages to personal property caused by the removal of the roof of the tenant house in which the plaintiff Price lived at the time.

The original warrant states that it is an action to recover ''debt by damages occasioned by trespass on property rented by and in possession of plaintiff wherein the roof of said property was removed and personal property of plaintiff was damaged by rain and otherwise under $500.00.''

The suit originated in the Court of General Sessions of Robertson County, which court rendered judgment in favor of the defendants and the plaintiff's suit was dismissed at his cost.

On the plaintiff's appeal to the Circuit Court (Private Acts 1939, Ch. 195, sec. 4), the case was tried by the judge without the intervention of a jury and judgment was rendered in favor of the defendants.

The plaintiff's motion for a new trial was overruled and he appealed in error to this court and has assigned errors, which raise only the questions (1) whether the defendants were guilty of trespassing, and (2) how much the plaintiff was damaged.

The facts of the case are as follows:

Louis Price rented from Mrs. R. F. Grubbs a three-room apartment in a six-room house at a rental of $1.25 a week, payable every two weeks in advance.

In May, 1940, he tendered $2.50 to R. F. Grubbs, husband of Mrs. Grubbs, who collected the rents as her agent, which he refused to accept, and notified Price that Mrs. Grubbs wanted the possession of the property.

Grubbs went to the Court of General Sessions and requested the issuance of a writ of forcible entry and detainer against Price, which was refused because he was not prepared to execute bond.

Price continued in actual possession of the apartment.

About ten days or two weeks after Grubbs had given notice to Price to vacate the property, Mrs. Grubbs hired Patterson Osborne to remove the roof from the house.

Osborne removed a part of the roof from the kitchen of the house, and stopped on remonstrance of Mrs. Price.

Several days later it rained.

Price instituted this suit against Mrs. Grubbs and Osborne for damages for injury to his kitchen furniture as the result of trespass in removing the roof.

Mrs. Grubbs has since obtained possession of the apartment by a forcible entry and detainer proceeding.

 According to the evidence, Price was in actual possession of the apartment, and Mrs. Grubbs was entitled to possession and could have instituted a forcible entry and detainer proceeding, which she did not do at that time, and Osborne at Mrs. Grubbs' direction removed

a part of the roof. This evidence establishes the fact that the entry on the land and the removal of the roof was a trespass.

The landlord could obtain possession only by a forcible entry and detainer proceeding. Code, secs. 9244, 9245, 9257; Cutshaw v. Campbell, 3 Tenn. App., 666, 688, 689.

A tenant at sufferance may maintain an action of trespass. 26 R. C. L., 957, sec. 33.

All parties who participate in a trespass are liable, regardless of the relation they sustain among themselves. Telephone & Telegraph Co. v. Stoneking, 1 Hig., 241.

Every trespass gives a right to at least nominal damages. 63 C. J., 1035, 1036, sec. 225; 26 R. C. L., 971, sec. 48; 4 Ency. of Evidence 4.

And the injured party can recover all consequential damages. 63 C. J., 1036, 1037.

The plaintiff in this case only sues for damages to his personal property. The evidence of his damage was vague and indefinite. He says his stove cost $20, and it would take $4 to revarnish his ice box, and that his linoleum was ruined by rain, but he doesn't show what his property was worth at the time or how long it had been in use, or how long it stayed out in the rain.

The defendants contend in this court that the plaintiff was bound to mitigate his damages; that he should have removed the furniture from the exposed part of the kitchen. But the defendants did not introduce any evidence to this effect, and the burden was on them to show that the furniture could have been removed to a place of safety and the damages could have been mitigated.

"It is for the alleged wrongdoer to show any facts and circumstances in mitigation of damages." 4 Ency. of Evidence, 10; 17 C. J., 926, 927, sec. 224.

The only evidence as to the damage to the plaintiff's personal property is his own evidence, which evidence, as above indicated, is not sufficient to enable the court to measure the amount of damages. 17 C. J., 876, 877. But his damage evidently did not amount to much.

There is evidence that Mrs. Grubbs had the roof removed in order to force Price to vacate the house. She denied this, but we think the facts are against her, but this is immaterial as the plaintiff has not sued for punitive damages, therefore the motive or intent is immaterial.

We are therefore of the opinion that the plaintiff is entitled to nominal damages only and should be awarded a judgment of $10 against the defendants. A judgment will be entered in this court in favor of the plaintiff Price and against the defendants for $10 together with the costs of the cause including the costs of the appeal.

Faw, P. J., and Felts, J., concur.