## MICHAEL B. GERSTER AND ANOTHER v. SPECIAL ADMINISTRATOR FOR THE ESTATE OF WARREN B. WEDIN.

199 N. W. 2d 633.

July 14, 1972—No. 43279.

*Robins, Davis & Lyons* and *Robert M. Wattson,* for appellants.
*Sahr, Kunert, Tambornino & Soshnik, Paul Kunert,* and
*Ronald J. Johnson,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and
Gunn, JJ.

MacLAUGHLIN, JUSTICE.

This action arose out of a fire which occurred in Bloomington,
Minnesota, in April 1968. The jury returned a verdict in favor
of both plaintiffs, and they appeal to this court from the judg-
ment entered pursuant to an order granting judgment notwith-
standing the verdict.

The facts are undisputed. The fire occurred in the Blooming-
ton apartment of Warren B. Wedin, who died in the fire. At the
time of the fire, decedent was 64 years old and retired. His apart-
ment abutted that of plaintiff Michael B. Gerster and was located
within the apartment complex belonging to plaintiff Parkshore
Estates, Inc.

Wedin had spent the day of the fire visiting relatives and had
left the home of his sister at 9:45 p. m. in the evening with the
stated purpose of returning to his apartment to watch the 10
o'clock news on television. The fire was discovered at approxi-
mately 11 p. m. by plaintiff Gerster, who heard "popping" noises
from the adjoining Wedin apartment and noticed smoke near

the common wall separating plaintiff's and decedent's apartments. Gerster obtained a key to the Wedin apartment, discovered the door locked by a night chain, forced it open, and found Wedin lying on the floor a few feet from the door. At that time Gerster could see fire along the common wall of the two apartments and in other parts of the living room of decedent's apartment. Within a few seconds of the time Gerster attempted to enter the apartment, the fire increased in intensity, and the living room and doorway became filled with smoke and extreme heat. The heat became so intense that Gerster was forced to abandon his efforts to gain entry to the apartment. The fire was reported to the Bloomington Fire Department, and they arrived on the scene at about 11:20 p. m. The city fire marshal, one Richard Braun, arrived at the scene of the fire at approximately 11:38 p. m. Approximately 5 minutes later, Braun entered the apartment, made certain observations of the burning patterns within the apartment, and made further investigations in an attempt to determine the cause of the fire.

This action was brought by the two plaintiffs against the estate of the decedent seeking damages for losses caused to their property by the fire. The allegation of the plaintiffs is that the fire was caused through the careless smoking of decedent Wedin. There is uncontradicted testimony that Wedin was a cigarette smoker. There was also testimony that Wedin, at the time of his death, had a blood alcohol level of .08, indicating that he was in a "sedated" condition. There is some testimony that the fire originated in the area of a chair or couch apparently placed along the common wall between the apartments. The room also contained the decedent's television set.

At the trial Braun testified that one of the purposes of his investigation was to seek evidence concerning the cause of the fire. He testified first as to several possible causes of a fire in a multiple dwelling and then attempted to exclude some of them on the basis of his investigation. He testified that he had checked over the electrical system of the apartment and that he had

looked through the debris that had been thrown outside after the fire but could not find any signs of electrical shorting. He testified as to appliances left in the apartment and as to the baseboard hot-water heating and said that he did not feel that the fire was caused by those items. He testified that he did not think the fire could have been caused by a third person entering the apartment because the door was secured from the inside by the night lock. He further testified that he felt he was able to exclude the possibilities that the fire was caused by flammable liquids or spontaneous combustion. He then testified that the probable cause was careless smoking.

It is clear that on a motion for judgment notwithstanding the verdict the court must accept the view of the evidence most favorable to the verdict and must admit every inference reasonably to be drawn from such evidence as well as the credibility of the testimony for the adverse party. If the application of this rule, in light of the evidence as a whole, discloses a reasonable basis for the verdict, the motion must be denied. Ford v. Stevens, 280 Minn. 16, 157 N. W. 2d 510 (1968); Cofran v. Swanman, 225 Minn. 40, 29 N. W. 2d 448 (1947); Willmar Gas Co. Inc. v. Duininck, 236 Minn. 499, 53 N. W. 2d 225 (1952).

Plaintiffs argue that there was sufficient circumstantial evidence presented at the trial to support the jury verdict. There is no question that circumstantial evidence can be sufficient to support a verdict in a case of this kind. Raymond v. Baehr, 282 Minn. 102, 163 N. W. 2d 54 (1968); Trimbo v. Minnesota Valley Natural Gas Co. 260 Minn. 386, 110 N. W. 2d 168 (1961). On the other hand, in another case involving a fire of uncertain origin, Silver v. Harbison, 178 Minn. 271, 272, 226 N. W. 932 (1929), we stated:

"There is no question as to the principle of law involved. It was for the plaintiff to prove that the fire which destroyed his property originated in the camp fire. The defendants were not required to explain its origin. The fact was to be established by

proof and not by speculation or conjecture. The proof need not be direct but must be such as to justify an inference of fact."

In the instant case, in response to a question as to how the fire was caused, Braun testified: "My opinion would be that it was probably careless smoking, smoking carelessness." There was additional testimony on that subject, however, as follows:

"MR. LARSON: That's all I have. Thank you, Mr. Braun. Oh, one other point, I'm sorry. You indicated in your response to counsel's cross-examination that the exact cause was unknown, am I correct?

"THE WITNESS: Right.

"MR. LARSON: You mean by that, that you don't know exactly or precisely what Mr. Wedin did?

"THE WITNESS: Right.

"MR. LARSON: All right, your opinion is, however, that the probable cause was smoker's carelessness?

"THE WITNESS: Yes.

"MR. LARSON: All right, thank you.

"MR. KUNERT: Your opinion, Mr. Braun, is that you don't know what caused the fire, isn't that true? You don't know what caused that fire?

"MR. LARSON: Of his personal knowledge, counsel?

"MR. KUNERT: I am asking the question.

"THE COURT: Yes, this is cross-examination.

"THE WITNESS: No, I don't know.

"MR. KUNERT: All right, a possible cause was a cigarette?

"THE WITNESS: Right.

"MR. KUNERT: Among many possible causes, isn't that right?

"THE WITNESS: Yes. I eliminated a lot of the possibilities, but this one I couldn't eliminate.

"MR. KUNERT: Some you can't eliminate?

"THE WITNESS: Right.

"MR. KUNERT: I have no other questions.

"MR. LARSON: That's all.

"THE COURT: That is all, sir. Thank you.

The trial court, in his memorandum, stated as follows:

"There was, in this case, absolutely no factual foundation for Mr. Braun's inference that careless smoking was a direct cause of the fire. Here there was no proof either from Mr. Braun's investigation or from other evidence submitted from which an inference could be reasonably drawn that smoking caused the fire, that any smoking was in fact carelessly done, or that Mr. Wedin was the careless smoker."

We agree with the conclusion of the trial court. The difficulty with plaintiffs' position is that there is no evidence whatever that Wedin was smoking in his apartment at or just prior to the time of the fire. No evidence was submitted that any cigarettes, remains of cigarettes, matches, or any other related objects tending to show that Wedin had been smoking were found in the apartment. Further, there is no evidence whatever to show that if Wedin was smoking, he was negligent in the manner in which he smoked, and there is no evidence from which an inference could reasonably be drawn that careless smoking caused the fire.

We stated in Albert Lea Ice & Fuel Co. v. United States Fire Ins. Co. 239 Minn. 198, 58 N. W. 2d 614 (1953), that the opinion of an expert must be based on facts sufficient to form an adequate foundation for his opinion and that an opinion based on speculation and conjecture has no evidentiary value.

It is our opinion that the evidence presented in this case is not sufficient to sustain the jury's verdict, and the trial court's granting of judgment notwithstanding the verdict must be affirmed.

Affirmed.