ROBERT HUSEBY AND ANOTHER v. WILLIAM CARLSON.

238 N. W. 2d 589.

December 19, 1975—No. 45426.

*Mathias & Brown* and *Gerald J. Brown,* for appellants.

*Johnson, Fredin, Killen, Thibodeau & Seiler, Gregory A. Bonovetz,* and *John J. Killen,* for respondent.

PER CURIAM.

This is an appeal from a judgment directing a verdict for defendant in an action to recover damages arising out of a fire loss. We affirm.

The basic facts are not in serious conflict. Plaintiffs were the owners of a building which was damaged by fire and contend defendant, a tenant, negligently caused that fire. Defendant rented a sleeping room from plaintiffs on the second floor of plaintiffs' building. Among the rooms on the second floor was one large sitting room off of which were situated four sleeping rooms occupied by tenants. It was in the sleeping room occupied by defendant where most of the burning occurred.

Defendant was a student in a vocational school in Duluth, as were the other three tenants. Returning to his apartment after attending a dance the evening of the fire, he watched television in the sitting room with one of the other tenants until about 2:30 a. m. and then retired to his room. Sometime during the night, because his room became very warm, he left his room and slept the balance of the night in the sitting room. At about 6 a. m., defendant was awakened by the smell of smoke. Observing that the sitting room was engulfed in smoke, he awakened the one other tenant in the apartment, and they left the building.

Two days after the fire, the fire warden for the city examined the burned premises. At the time of his investigation of the building, all of the contents of defendant's bedroom had been removed. Based on the fact that heavy burning took place in defendant's bedroom, the fire warden determined that the fire had originated there. In addition, plaintiffs told the fire warden that defendant smoked and that defendant's bed had been, one month prior to the fire, located near that part of the bedroom which was heavily burned. The fire warden also testified that his usual procedure in determining the cause of the fire is to eliminate all possible causes except one. He admitted he did not check the heating system, did not examine a record player that had been in defendant's room, and did not examine the mattress to ascertain if it had been the source of the fire. The fire warden did not talk to any of the other tenants and found no cigarette butts in defendant's room.

A timely objection to the opinion of the fire warden as to the cause of the fire was sustained by the trial court because there was no ade-

quate foundation for his opinion. This court held in Rochester Wood Specialties, Inc. v. Rions, 286 Minn. 503, 509, 176 N. W. 2d 548, 552 (1970):

"* * * Liability for the fire must be based upon inferences reasonably supported by the evidence and not upon speculation based solely on the occurrence of the fire. The expert opinions offered by plaintiff were not consistent and should not have been received because they were based on assumptions which were not established by the evidence. In our judgment plaintiff has failed to establish that there was negligence on the part of defendant which was a direct cause of the fire and the resulting damage."

The opinion of the expert witness in this case was also based upon assumptions not established by the evidence. The opinion lacked adequate foundation, and the objection was properly sustained.

Gerster v. Special Admr. for Estate of Wedin, 294 Minn. 155, 199 N. W. 2d 633 (1972), was an action in which the circumstances of the fire and the evidence presented were comparable to the instant case. The jury there returned a verdict for the plaintiff, but the trial court granted defendant's motion for judgment notwithstanding the verdict. We affirmed, saying:

"We agree with the conclusion of the trial court. The difficulty with plaintiffs' position is that there is no evidence whatever that Wedin was smoking in his apartment at or just prior to the time of the fire. No evidence was submitted that any cigarettes, remains of cigarettes, matches, or any other related objects tending to show that Wedin had been smoking were found in the apartment. Further, * * * there is no evidence from which an inference could reasonably be drawn that careless smoking caused the fire." 294 Minn. 160, 199 N. W. 2d 636.

There being insufficient evidence to establish defendant's negligence caused the fire and thus to sustain a verdict against defendant, the trial court very properly directed a verdict for defendant.

Affirmed.