**Roger AUTREY, Respondent,**

v.

**Gabriel TRKLA, defendant and third party plaintiff, Appellant,**

**Patrick HAWKINS, third party defendant and fourth party plaintiff, Respondent,**

v.

**Joel MONTPETIT, et al., Fourth Party Defendants.**

**No. CX–83–1817.**

Court of Appeals of Minnesota.

June 19, 1984.

Patrick E. Florin, St. Paul, for appellant.

Gary Fuchs, South St. Paul, for respondent Autrey.

Patrick W. Hawkins, pro se.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ.

## OPINION

FOLEY, Judge.

Gabriel Trkla appeals from a judgment contending that the trial court erred when it calculated damages, cancelled a promissory note in his favor and failed to award attorney's fees to him from the third party defendant. We affirm in part, modify in part, and remand with directions to the trial court.

## FACTS

The fee owners of two lots in St. Paul Park sold the property and "Botsi's", a retail liquor business located on the lots, by contract for deed, promissory note and security agreement to Ricci Realty. Ricci sold the business and property by a separate contract for deed, promissory note and pledge agreement to Gabriel Trkla. The purchase agreement specifically provided that the liquor license could not be transferred without the written permission of Ricci.

Trkla in turn sold the property to Roger Autrey pursuant to a purchase agreement, contract for deed, bill of sale, and promissory note. Autrey paid $35,000 to Trkla as down payment. He agreed to pay $88,588 by assuming Trkla's obligations to Ricci. He also agreed to pay $16,412 plus eight percent interest to Trkla under a promissory note. Trkla warranted that the sale would not result in the breach of any agreement which bound him even though he had not obtained written permission from Ricci to transfer the license.

Ricci served Trkla with a notice of cancellation of the contract for deed because Trkla did not obtain the required permission before selling to Autrey. Trkla, seeking to avoid the cancellation, commenced a declaratory judgment action. The trial court in that matter held that Ricci could require all sums owed by Trkla immediately due and payable. It further held that the failure of Trkla to pay all demanded sums due and payable would constitute a default which would allow Ricci to cancel the contract for deed and terminate all rights of Trkla.

Ricci then served Trkla with a written demand for full payment of all sums then due. Trkla did not pay the balance owed to Ricci and Ricci served a notice of cancellation of the contract upon him.

During this period Autrey continued to operate the business and to make all of the payments which were due under his agreement with Trkla. The trial court in this matter found, and it was not disputed, that Ricci "formally cancelled" the contract with Trkla on October 2, 1981, and that on that same day Autrey entered into a new agreement with Ricci to purchase the property. Under that agreement, Autrey paid off Trkla's obligations to Ricci, assumed Ricci's obligations to the fee owners, and paid Ricci an additional $12,000. The trial court found that as a result of Trkla's default on his contract with Ricci and the subsequent cancellation by Ricci, Trkla could not perform his contract with Autrey. He found that all portions of Trkla's contract with Autrey failed for lack of consideration, and Autrey suffered damages in the amount of $62,933.36. In addition, the trial court found that Autrey mitigated his damages when he entered the new agreement with Ricci and that the agreement with Ricci reduced Autrey's damages from $62,933.36 to $52,600 because the agreement gave Autrey the benefit of $22,333.36

in monthly payments he had paid to Ricci and the fee owners, but it cost him a premium of $12,000. The trial court concluded that Autrey was entitled to recover the $52,600 from Trkla plus $6,335 for attorneys fees and costs, that the promissory note between Autrey and Trkla was cancelled, and that Trkla is entitled to recover the $58,935 from Patrick Hawkins, the third party defendant and Trkla's attorney who was found to be causally negligent in the way he represented Trkla in these matters.

## ISSUES

1. Did the trial court err when it calculated damages based on a failure to perform?

2. Did the trial court err when it cancelled the promissory note?

3. Did the trial court erroneously calculate the damages due from Hawkins to Trkla?

## ANALYSIS

1. Trkla concedes that Autrey was not guilty of any inequitable conduct. He does not dispute the trial court's finding that Ricci cancelled the contract for deed with Trkla on October 2, 1981. Trkla only disputes the calculation of damages.

Trkla contends that the trial court erred when it chose the measure of damages. He argues that the damages should have been based on misrepresentation rather than a failure to perform and that damages for misrepresentation in this case would be limited to the out-of-pocket losses sustained by Autrey which would be the premium paid by Autrey plus attorneys fees offset by the amount which remained unpaid under the promissory note from Autrey to Trkla.

Under the out-of-pocket rule, a plaintiff can recover damages which are the natural and proximate loss sustained because of a reliance on misrepresentation. *Lewis v. Citizens Agency of Madelia, Inc.,* 306 Minn. 194, 200, 235 N.W.2d 831, 835 (Minn.1975). "The loss is usually measured as the difference between what plaintiff parted with and what he received." *Id.* In this case, Trkla could not perform his contract with Autrey. Ultimately Autrey purchased the business and property from Ricci, not Trkla. The out-of-pocket damage rule assumes that the plaintiff received something from the defendant and that it was less than what he or she anticipated receiving. Since Autrey purchased the property from Ricci and not Trkla, the out-of-pocket measure of damages is inapplicable to this case.

Autrey contends that the law as set forth in *Gustafson v. Gervais,* 291 Minn. 60, 189 N.W.2d 186 (1971), is applicable to this case. We agree. Where a vendor agrees to sell and deliver property and then fails to do so, the vendee is entitled to recover the payments he has made on the purchase price based on recision if he or she is free from inexcusable default. *Id.* at 65, 189 N.W.2d at 190. Trkla's breach of contract permitted Ricci to cancel the contract for deed. By permitting the time for redemption to expire, Trkla made the performance of the contract with Autrey impossible. Trkla conceded that Autrey was not guilty of any inequitable conduct. Thus, Autrey is entitled to damages based on recision.

Trkla contends that because Autrey was not served with a notice of cancellation, Autrey had a continuing interest in the property (to reinstate) and thus Trkla had conveyed something of value to Autrey. We agree that Autrey should have been served with a notice of cancellation. If served with the notice, Autrey would have been *entitled* to reinstate the contract between Ricci and Trkla. *Id.* at 67, 189 N.W.2d at 191. However, Trkla's argument fails because the vendee in a secondary contract is under no obligation to reinstate and a failure to do so is not a bar to his rights against his vendor. *Id.*

Since we adhere to the holding in *Gustafson,* we also, as a matter of equity, adhere to the method of calculating damages used in *Gustafson. Id.* at 64, 189

N.W.2d at 189. Trkla is entitled to offset the $52,600 in damages set by the trial court by the amount of the reasonable rental value of the property for the time that Autrey was in possession under the contract between Trkla and him. We remand this case to the trial court for the limited purpose of making findings regarding the reasonable rental value and, if necessary, to take additional testimony in this limited area. The total sum for damages which will be due from Trkla to Autrey is $52,600, less the reasonable rental value for the period commencing with the closing on April 27, 1979 and ending on October 2, 1981, the date the contract was cancelled.

2. Trkla further contends that the trial court erred when it cancelled the promissory note from Autrey to Trkla because of a failure of consideration. Trkla argues that the $16,416 note was part of the consideration for the sale of the personal property and thus is unaffected by the cancellation of the contract for deed.

The promissory note, the bill of sale and the contract for deed were all executed on April 27, 1979. None of the agreements refer to each other. The promissory note is made "for value received." That value is not spelled out in the note. The bill of sale for the good will, trade name and personal property was made for one dollar and other consideration which is not spelled out in the bill of sale. An agreement was executed on April 16, 1979 and signed again by both Autrey and Trkla on April 27, 1979, the same day that the bill of sale, promissory note and contract for deed were executed. The agreement allocated various sums for the good will, the personal property and the real property and it also set forth the manner in which the total purchase price was to be paid, but there is no stated or implied relationship between the allocation and the purchase price. There is no language in any of the documents that the promissory note was made in consideration for the personal property and good will. Indeed, the total allocated for the good will and personal property is approximately $10,000 more than the total due under the promissory note.

"Whether a contract is entire or divisible depends on the intent of the parties; it must be determined by considering the language used, the subject matter of the contract, and how the parties themselves treated it." *Anderson v. Kammeier*, 262 N.W.2d 366, 370 (Minn.1977). In ascertaining the intent of the parties, the various agreements must be read together. *Id.* n. 2. Where instruments are executed as part of one transaction, we will construe each with reference to the others, even though the instruments do not refer to one another. *Fleisher Engineering & Constr. Co. v. Winston Bros. Co.*, 230 Minn. 554, 557, 42 N.W.2d 396, 398 (1950). The instruments in this case plainly indicate that the parties intended that there be one contract. It is not divisible but is entire. Trkla agreed to sell a business which included good will, personal property and real property. There was no allocation of specific consideration for specific performance. Thus, the trial court properly cancelled the promissory note after finding that all parts of the contract failed for lack of consideration.

3. Finally, in the third party action, Trkla sought to recover from Hawkins the attorney's fees that he incurred in defending against the claims involved in this litigation. The trial court did not award attorney's fees to Trkla. In this respect the court erred. If an attorney's negligence causes a client to be involved in litigation, the attorney is liable for the attorney's fees incurred in defending against the claims involved in the litigation. *Hill v. Okay Constr. Co., Inc.*, 312 Minn. 324, 252 N.W.2d 107, 121 (1977). The Minnesota Supreme Court stated the rule:

Attorneys fees and expenses are not generally included in the measure of recoverable damages for negligence. * * * An exception is recognized, however, when the attorneys fees and expenses claimed are incurred in other litigation which is necessitated by the act of the party sought to be charged. * * * In each of those cases, the plaintiff, because of the

tortious conduct of the defendant, was compelled to enter litigation with a third party to protect his rights. Thereafter, the plaintiff in each case sued the defendant to recover the costs and attorneys fees incurred in the prior litigation. Recovery was allowed.

*Id.* (citations omitted).

Trkla also contends that the trial court erred in not awarding him the attorney's fees that he paid to Hawkins in connection with the sale of the property to Autrey. Trkla cites no authority for this proposition and we will not disturb the trial court's holding in this respect.

### DECISION

We affirm in part and modify in part with directions to the trial court as follows:

1. Take additional evidence if necessary to determine the reasonable rental value of the property from the time Autrey came into possession until the contract was cancelled (April 27, 1979 to October 2, 1981);

2. Offset the reasonable rental value from the $52,600 damages which the trial found to be due and owing from Trkla to Autrey (the award of $6,335.87 attorney's fees is unchanged) and modify the judgment accordingly;

3. Award reasonable attorneys fees to the third party claimant, Trkla, from the third party defendant, Hawkins, for defending against the claims involved in this litigation; and

4. Modify the third party judgment against Hawkins to reflect the offset of the rental value and the addition of the attorney's fees awarded to Trkla.