IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 30, 2018

## STEVE PERLAKY v. JIMMY CHAPIN, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 15-0407  Jeffrey M. Atherton, Chancellor**

_____

**No. E2017-01995-COA-R3-CV**

_____

The plaintiff filed a claim for trespass against the defendants.  The trial court found trespass and awarded nominal damages and attorney's fees to the plaintiff.  After a hearing on the parties' respective motions to alter or amend the judgment, the trial court vacated the award of attorney's fees and declined to increase the amount of nominal damages to the plaintiff.  The plaintiff appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

John M. Wolfe, Jr., Chattanooga, Tennessee, for the appellant, Steve Perlaky.

Thomas E. LeQuire, Chattanooga, Tennessee, for the appellees, Jimmy Chapin and Cummings Cove, LLC.

### OPINION

#### I.     BACKGROUND

In 1998, Steve Perlaky ("Perlaky") obtained real property on Aetna Mountain in both Hamilton and Marion counties, as well as non-exclusive, perpetual easement rights to access this property by way of Aetna Mountain Road.  In 2002, Cummings Cove, LLC ("LLC") acquired nearby property on Aetna Mountain, expressly subject to the ingress and egress easement mentioned above.  Jimmy Chapin ("Chapin"), the developer for LLC, proceeded to obstruct Aetna Mountain Road by felling 400 or 500 trees across the road, setting up a steel gate, and placing security guards at the gate to monitor access.  This activity severely limited Perlaky's

access to his property. Perlaky brought an action against Chapin and LLC in 2014 but took a voluntary nonsuit. Perlaky re-filed his action on July 15, 2015.

The trial court found that the LLC committed trespass and initially awarded Perlaky nominal damages in the amount of $174.14 and consequential damages in the form of attorney's fees. Both parties then filed motions to alter or amend the judgment. Defendant LLC requested that the court reverse the award of attorney's fees to Perlaky, arguing that attorney's fees are not recoverable in a trespass case under Tennessee case law precedent. On the other hand, Perlaky requested that the court, among other things, increase his compensatory damages and expand the award of attorney's fees to cover prior litigation, beginning in 2001. Following a hearing on the parties' respective motions to alter or amend the judgment, the trial court declined to increase Perlaky's award of nominal damages but granted LLC's motion to set aside the award of attorney's fees to the plaintiff, finding that Tennessee law does not permit the award of attorney's fees in cases of trespass.

The trial court judge expressed his displeasure with Tennessee precedent foreclosing his exercise of discretion in awarding attorney's fees to the plaintiff, especially where he believed the facts of the case warranted such an award:

> [W]ith regard to [defendant's] motion to alter or amend, on the narrow issue of the fact that at this point the law concerning trespass does not specifically provide for attorney's fees, and I would like the order to reflect that this Court is of the opinion it should, and the Court's order to reflect that in this case it is clearly warranted based upon the Defendant's conduct and the Defendant's admission of that conduct, but under the current state of the law, attorney's fees on the trespass action are not allowable and; therefore, the motion to alter or amend in that noted context is granted.

And again:

> I think it's just a tragedy. I want somebody to appeal it. Who will appeal it? If I rule against you, [Plaintiff], will you take it up? If I rule against you, will you take it up? Because I am ruling against somebody because this has got to go up (sic). So who will take it up? Who has got the reason to appeal this?

Perlaky thereafter timely filed this appeal.

## II.    ISSUES

We restate the issues raised on appeal by Perlaky as follows:

A.    Whether the trial court erred in awarding plaintiff nominal damages in the amount of $174.14 in a trespass action.

B.      Whether the trial court erred in denying attorney's fees to plaintiff in a trespass action.

## III.      STANDARD OF REVIEW

"With regard to our review of damage awards, 'whether the trial court utilized the proper measure of damages is a question of law that we [review] *de novo*.'" *Jackson v. Bownas*, No. E2004-01893-COA-R3-CV, 2005 WL 1457752, *8 (Tenn. Ct. App. 2005) (citing *Beaty v. McGraw*, 15 S.W.3d 819, 829 (Tenn. Ct. App. 1998)). "The amount of the award, however, is a question of fact if within the limits set by law." *Id.*; *see* Tenn. R. App. P. 13(a) and (d). This court must review findings of fact *de novo* with a presumption of correctness for the trial court's findings of fact, unless against the preponderance of the evidence. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). For the evidence to preponderate against the trial court's fact findings, "it must support another finding of fact with greater convincing effect." *Jackson*, 2005 WL 1457752, at *6; *The Realty Shop Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).

## IV.      DISCUSSION

### A.

Every trespass gives the aggrieved party the right to nominal damages and all consequential damages. *Jackson*, 2005 WL 1457752, at *8; *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 641 (Tenn. 1996); *Schumpert v. Moore*, 149 S.W.2d 471, 473 (Tenn. Ct. App. 1940). In Tennessee, the rules for damages in trespass actions are to compensate the injured party and to punish the trespasser and deter their wrongful conduct. *Meighan*, 924 S.W.2d at 641. Furthermore, Tennessee has long recognized the right of the injured party for trespass to be awarded damages to the value of the use and their enjoyment of the property. *Jackson*, 2005 WL 1457752, at *8; *Anthony v. Constr. Prods., Inc.*, 677 S.W.2d 4, 10 (Tenn. Ct. App. 1984); *Citizens Real Estate & Loan v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 767 (Tenn. Ct. App. 1981); *see Cole v. Clifton*, 833 S.W.2d 75, 76-77 (Tenn. Ct. App. 1992); *Uhlhorn v. Keltner*, 723 S.W.2d 131, 135 (Tenn. Ct. App. 1986).

The trial court is afforded great deference in measuring damages in the context of trespass on property:

> We must remember that this is not a case in which there was a legal or lawful taking of complainants' land by eminent domain, wherein the authorities cited by defendants' counsel would apply. This was a wilful (sic) taking or encroachment by the defendants on complainants' land without authority or legal sanction. The courts can hardly be expected to sanction such action by holding that, after one has unlawfully appropriated the property of another and erected a building thereon, or otherwise appropriated to his use, the only remuneration the owner can claim or expect is the

> market value of the property taken as measured by the formula laid down in eminent domain cases involving a willing seller and willing buyer.

*Jones v. Morrison*, 458 S.W.2d 434, 439 (Tenn. Ct. App. 1970).  Moreover, "the trial's court (sic) determination about the amount of the award is accorded a presumption of correctness which we will alter only 'when the trial court has adopted the wrong measure of damages or when the evidence preponderates against the amount awarded.'" *Jackson*, 2005 WL 1457752, at *9 (citing *Beaty*, 15 S.W.3d at 829).

Although Perlaky presented the losses incurred by Raccoon Mountain Campground, LLC as a result of the trespass, the trial judge declined to award these damages to Perlaky personally; Raccoon Mountain Campground, LLC was not a party to the suit.  The trial judge also found the expert testimony on the estimate of lost timber profits unpersuasive.  Thus, the trial court found that the plaintiff did not present sufficient evidence of actual damages.

Even where no actual damages are proven, the plaintiff is still entitled to nominal damages.  *Jackson*, 2005 WL 1457742, at *8; *Price v. Osborne*, 147 S.W.2d 412, 413 (Tenn. Ct. App. 1940); *see* 87 C.J.S. *Trespass* § 108.  The trial court based Perlaky's nominal damages on the award given to the prevailing party in *Price v. Osborne*, and adjusted it for inflation, arriving at $174.14.  *Price*, 147 S.W.2d at 413.  In our view, the evidence does not preponderate against the nominal damages awarded to the plaintiff.  Therefore, we affirm the decision of the trial court.

B.

Attorney's fees are not recoverable for trespass actions.  *Gottschall v. Fenn*, 1986 WL 655, *6 (Tenn. Ct. App. Jan. 7, 1986); *see also Caldwell v. Canada Trace, Inc.*, No. W2007-00783-COA-R3-CV, 2008 WL 2901343, *2 (Tenn. Ct. App. 2008) (holding that attorney fees are not recoverable as consequential damages in trespass actions).  Tennessee follows the American Rule with regard to attorney fees.  *Peach v. Medlin*, No. W2003-02152-COA-R3-CV, 2004 WL 948481, *13 (Tenn. Ct. App. 2004) (citing *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534-35 (Tenn. 1998)):

> The well-established American rule . . . provides that attorney's fees may not be awarded to the prevailing party absent statutory authorization or an agreement between the parties so providing.  *See, e.g., Olson v. Fraase*, 421 N.W.2d 820, 828-29 (N.D. 1988); *Began v. Dixon*, 547 A.2d 620, 624-25 (Del. Super. Ct. 1988); *Whitney v. Buttrick*, 376 N.W.2d 274, 281 (Minn. App. 1985); *Stinson v. Feminist Women's Health Center*, 416 So.2d 1183, 1185 (Fla. App. 1982); Sorenson v. Fio Rito, 90 Ill. App. 3d 368, 45 Ill. Dec. 714, 413 N.E.2d 47, 51-58 (1980).  Tennessee courts have long adhered to the American rule, concluding that an award of attorney's fees as part of the prevailing party's damages is contrary to public policy.  *See, e.g., Pullman Standard v. Abex Corp.*, 693

- 4 -

S.W.2d 336, 338 (Tenn. 1985); *Gray v. Boyle Inv. Co.*, 803 S.W.2d 678, 684 (Tenn. Ct. App. 1990); *John J. Heirigs Constr. Co. v. Exide*, 709 S.W.2d 604, 609 (Tenn. Ct. App. 1986); *Pinney v. Tarpley*, 686 S.W.2d 573, 581 (Tenn. Ct. App. 1984); *Goings v. Aetna Casualty & Sur. Co.*, 491 S.W.2d 847, 848 (Tenn. Ct. App. 1972); *Raskind v. Raskind*, 325 S.W.2d 617, 625 (1959). [. . .] Without an agreement between the parties or a controlling statute, attorney's fees [. . .] may not be awarded.

We are alerted to no statute, nor are we aware of one, permitting or mandating the recovery of attorney's fees in an action for intentional or willful trespass. Moreover, in *Gottschall v. Fenn*, this Court determined, *inter alia*, that attorney's fees "are not in the nature of damages recoverable for trespass."

*Peach*, 2004 WL 948481, at *13 (citation omitted). As stated above, there is no current statutory scheme for awarding attorney's fees in trespass claims which would alert the opposing side to the fact that the plaintiff sought such an award in this trespass action, nor was any mention made of attorney's fees in the pleadings, so attorney's fees will not be awarded to Perlaky in this case.[1]

Finally, even if attorney's fees were considered here as punitive damages, the trial court must have awarded actual damages for punitive damages to be considered. *Peach*, 2004 WL 948481, at *13; *see Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23 (Tenn. Ct. App. 1991). The trial court did not award actual damages, so attorney's fees cannot be awarded here as punitive damages.

Based on case law precedent in Tennessee, the plaintiff may not be awarded attorney's fees in this trespass action. We thus affirm the trial court's judgment denying an award of attorney's fees.

## V. CONCLUSION

We affirm the decision of the trial court and remand this cause for all further proceedings as may be necessary and consistent with this opinion. The costs of this appeal are assessed to the appellant, Steve Perlaky.

_____
JOHN W. MCCLARTY, JUDGE

_____

[1] The plaintiff's counsel wanted to create a legal foundation for obtaining attorney's fees by analogizing the instant case to qui tam and libel of title actions, but the trial judge found this argument unpersuasive. *See* Tenn. Code Ann. § 4-18-101 et seq.