**Edward J. BEGAN, Plaintiff,**

v.

**Gerald E. DIXON, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: July 1, 1987.
Decided: April 29, 1988.

---

C. Waggaman Berl, Jr., Wilmington, for plaintiff.

Jeffrey M. Weiner, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

This is a motion by the defendant, Gerald E. Dixon, Esquire, to dismiss a legal malpractice action. The plaintiff, Edward J. Began, claims that the defendant, plaintiff's attorney during his divorce, advised him to enter agreements regarding property distribution, child support and visitation that were inequitable to the plaintiff. Plaintiff contends that the defendant's advice constituted negligence, proximately causing injury to the plaintiff in the form of financial loss.

## I. FACTS

On December 22, 1981, the plaintiff and his former wife, Jean Began, entered into a separation agreement fixing the parties rights and duties with respect to the marital property, and child support for, and visitation with, the parties' daughter. The defendant represented the plaintiff during the formation of that agreement and allegedly counseled him to enter it. According to the plaintiff, the defendant advised him that his rights and duties under the separation agreement were the same rights and duties that a court would recognize. On February 16, 1982, the plaintiff and his former wife were awarded a final decree of divorce from the Family Court.

Apparently, throughout 1982, the plaintiff and his former wife had numerous disagreements regarding the plaintiff's child support obligations and visitation rights. The defendant continued to represent the plaintiff throughout this time period.

In early 1983, the plaintiff, apparently dissatisfied with the legal services being provided by the defendant, sought the assistance and advice of independent counsel. The plaintiff states in an affidavit dated February 19, 1987 that he believes he first consulted independent counsel on March 16, 1983. There is evidence in the record that on April 4, 1983 a new attorney entered his appearance in Family Court on behalf of the plaintiff (May 10, 1983 per deposition of Edward Began, p. 25).

In October of 1985, the plaintiff retained an additional attorney for the sole purpose of determining whether the defendant's handling of the plaintiff's legal problems during the break up of his (the plaintiff's) marriage constituted malpractice. There is evidence in the record that in early March of 1986, the lawyer advised the plaintiff that he had a viable claim for malpractice against the defendant. Thus, on April 2, 1986, the plaintiff filed the complaint in the present action.

The plaintiff contends in his complaint that the separation agreement of December 22, 1981 was inequitable to the plaintiff, depriving him of property to which he was legally entitled, and requiring him to pay excessive support and further legal and court costs resulting therefrom. Plaintiff's basic, broad-based allegation is that defendant's advice that he enter the agreement constituted negligence proximately causing injury to the plaintiff. The plaintiff is seeking damages for: 1) the deprivation of property that he would have been entitled to had he not signed the separation agreement of December 22, 1981; 2) the payment of support in excess of that which he was legally required to pay; and 3) legal and court costs incurred by the plaintiff in his attempts to readjust his rights and duties against and to his former wife. The plaintiff, additionally, is seeking prejudgment interest and costs (which includes attorney's fees).

The defendant has moved to dismiss the plaintiff's complaint on three separate grounds. Defendant contends that the plaintiff's claim is time barred, that the plaintiff's complaint fails to assert the defendant's alleged negligence with the particularity required by Rule 9(b) of the Superior Court Civil Rules, or that the plaintiff's complaint fails to allege special damages with the specificity required by Rule 9(g) of the Superior Court Civil Rules. Additionally, defendant contends that the plaintiff's claim for attorney's fees should be dismissed on the ground that the plaintiff's cause of action is not one in which attorney's fees are recoverable. The Court shall first treat the defendant's contention

that the plaintiff's cause of action is time barred.

## II. STATUTE OF LIMITATIONS

Because matters outside the pleadings have been considered in determining the defendant's motion to dismiss on the ground that the plaintiff's action is time barred, the motion to dismiss on that ground shall be treated as a motion for summary judgment.

It is the settled law of this State that legal malpractice actions are governed by the three-year statute of limitations in 10 *Del.C.* § 8106. *See, Mu'Min A. Rahim v. Lukoff,* Del.Super., 80C–SE–32, April 23, 1981 (Walsh, J.). That section provides as follows:

> ... no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action ...

10 *Del.C.* § 8106.

■ The question thus becomes, when does the statute begin to run. Generally, ignorance of the facts constituting a cause of action does not act as an obstacle to the operation of the statute, except in the case of infancy, incapacity, and certain types of fraud. *Mastellone v. Argo Oil Corp.,* Del. Supr., 82 A.2d 379 at 383 (1951). *See also, Leibowitz v. Hicks,* Del.Ch., 207 A.2d 371 at 372 (1965). An exception occurs when there are no observable or objective factors which put laymen on notice of a problem, such as in a title defect or certain medical malpractice actions. *See, Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968) and *Pioneer National Title Insurance Co. v. Child,* Del.Supr., 401 A.2d 68 (1979). *See also,* for comparison, 18 *Del.C.* § 6856 (medical malpractice claims may be brought prior to the expiration of 3 years from the date of injury, as opposed to two, only if the injury was inherently unknowable.) In the former instance, a client would not know of the title defect until a third-party purchaser brought it to his attention. There, the claim would not be time-barred by the three-year statute; rather, time would begin to toll at discovery of the defect. *Child, Inc. v. Rodgers,* Del.Supr., 377 A.2d 374 at 377 (1977).

■ In the instant case, the disputed separation agreement, arguably the cause of alleged injury, was entered into on December 22, 1981. The claim was filed on April 2, 1986, more than four years later. There were no allegations of fraud or concealment in the complaint. Dissatisfaction with an attorney's services or with an agreement is not "inherently unknowable", as in the case of a title defect. In fact, plaintiff had disagreements with his wife regarding the separation terms throughout 1982, indicating an earlier awareness of a potential problem. There is nothing to evidence plaintiff's discovery of a previously unknowable problem with the agreement when he first consulted independent counsel in March 1983. Even if that were so, the complaint still was filed outside of the three-year limit. In short, plaintiff does not appear to meet any of the exceptions to the three-year rule enunciated in 10 *Del.C.* § 8106.

■ Plaintiff, however, argues that the "discovery rule" should be invoked because the harm he allegedly suffered was inherently unknowable and because he was blamelessly ignorant of the negligent act causing his injury. Even if the rule were applicable, we must presume that plaintiff discovered the allegedly negligent cause of conduct at least by the time he consulted with independent counsel in March of 1983. *See,* e.g., *Ewing v. Beck,* Del.Supr., 520 A.2d 653 (1987). The March 1983 date of independent consultation clearly takes the April 1986 complaint outside of the statute of limitations.

■ Further, even though plaintiff may not have known why defendant may have been negligent, he was dissatisfied with the agreement or had problems with it, throughout 1982. *See, Mu'Min Rahim, supra.* Plaintiff presents no facts to support his "blamelessly ignorant" contention. If all parties were allowed to toll the statute until they learned of the legal theory of a proposed action or so pursued an action,

there would be no purpose to the statute of limitations.

■ Plaintiff next argues that the statute should not begin to run until the relationship between plaintiff and defendant officially was terminated. (Pl. Brief, pp. 7–8.) Such argument must be based on the theory of continuous negligent treatment (although plaintiff later asserted that the theory did not apply, but that the continuing treatment doctrine did). *See, Ewing v. Beck, supra.* This theory, crafted for medical malpractice actions to prevent the need for termination of a doctor-patient relationship at the slightest doubt of proper treatment, tolls the statute as long as the doctor-patient relationship continues for a specific problem. *Id.* at 659. The treatment complained of must be so intertwined that there is but one continuing wrong. *Id.* at 662. The continuous negligence must be alleged with particularity and the record must establish that the conduct was so related as to constitute a continuous wrong. *Id.* at 664–665. If the foregoing requirements are met, the statute runs for two years from the date of the last act in the negligent continuum or at a point when an ordinary, prudent person could have discovered the wrong (presumably when an independent source is consulted.) *Id.* at 665. If the negligence could not be discovered with reasonable diligence, the statute runs for three years from the last treatment. *Id.* In the latter instance, the complaint must allege and the facts must support the assertion that the negligence was unknown and could not with reasonable diligence have been discovered.

■ The Court is unconvinced that defendant's services amounted to a continuing, intertwined representation since the original agreement complained of was entered into in December 1981, and included in the divorce decree in February, 1982. These arguably are severable acts from defendant's latter representation of plaintiff. However, even if we were to treat this as a case of continuing negligence (as we must to explore plaintiff's assertion that the statute should not begin to run until after the relationship was terminat-

ed), the record shows that the parties' relationship ended before April 1983, when plaintiff secured other counsel for this case, thus still leaving him beyond the three-year statute of limitations.

■ Specifically, defendant has produced a series of admitted records regarding his representation of plaintiff in the disputed proceedings, the first pertinent record being a bill of February 25, 1982. The file shows contact with the client through May 21, 1982. From that point forward, the record reflects only five statements from defendant to plaintiff regarding the balance due on defendant's fee for the separation and divorce. On March 14, 1983, plaintiff wrote that he was enclosing a check for payment in full of the outstanding balance. The record shows the relationship between the parties terminated at the inside by May of 1982, and at the very outside, by March 1983, making the complaint outside of the statute of limitations. Plaintiff offers no proof besides his statement that the relationship between he and defendant ended in April 1983 to controvert this evidence. Further, plaintiff is presumed to have "discovered" the negligence in March of 1983, when he consulted independent counsel. In addition to the foregoing, this Court is unconvinced that the unique circumstances warranting use of the continuing negligence theory in medical malpractice actions apply to legal malpractice actions such as the instant case.

Under any of the foregoing theories, plaintiff's suit is time-barred. Summary judgment for defendant is GRANTED.

■ Since the motion is granted on the statute of limitations claim, this Court will not address the remaining issues raised by defendant except to note that it is the rule in Delaware that a litigant cannot recover attorney's fees from his opponent unless a statutory or common law rule specifically allows for the recovery of attorney's fees by the litigant. *McClain v. Faraone,* Del.Super., 369 A.2d 1090 (1977). In the present case, the plaintiff has not established that such a statutory or common law rule exists and the Court is unaware of the existence of such. According-

ly, the defendant's motion to dismiss the plaintiff's claim to attorney's fees against the defendant must be GRANTED on this basis as well.

IT IS SO ORDERED.