Superior Court
of the
State of Delaware

Jan R. Jurden
*President Judge*

New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0665

August 6, 2015

Jeffrey S. Cianciulli, Esq.
Weir & Partners, LLP
824 North Market Street, Suite 800
Wilmington, DE 19801.

Seth J. Reidenberg, Esq.
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE 19899

**RE: Young & McPherson Funeral Home, Inc. v. Butler's Home Improvement, LLC a/k/a Butler's Home Improvement, Inc. a/k/a Kevin Butler, C.A. No. N14C-08-234 JRJ**

Dear Counsel:

The Court is in receipt of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint. Defendant's Motion is **GRANTED in part, DENIED in part, and DEFERRED in part**, as explained below.

Defendant argues the Amended Complaint must be dismissed pursuant to Superior Court Civil Rule 12(b)(6) for three reasons: (1) the claims are time-barred by the three-year statute of limitations; (2) the claim for fraud is not stated with particularity as required under Rule 9(b); and (3) the negligence claim is impermissibly bootstrapped to the breach of contract claims.[1]

**Statute of Limitations**

Plaintiff's claims are governed by the three-year statute of limitations under 10 *Del. C.* § 8106.[2] On a motion to dismiss, "the defendant bears the burden of proving that a limitations

---

[1] Defendant's Motion to Dismiss Plaintiff's Amended Complaint ¶¶ 10, 16–17 (Trans. ID. 57063017).

[2] 10 *Del. C.* § 8106; *Estate of Buonamici v. Morici*, 2010 WL 2185966, at *3 (Del. Super. 2010); *S&R Assocs., L.P. v. Shell Oil Co.*, 725 A.2d 431, 439 (Del. Super. 1998).

period has lapsed and that a claim is time-barred."[3] However, "[w]hen a complaint asserts a cause of action that on its face accrued outside the statute of limitations [ ] the plaintiff has the burden of pleading facts leading to a reasonable inference that one of the tolling doctrines adopted by Delaware courts applies."[4] Assuming a tolling exception has been pleaded adequately, the Court must then determine when the plaintiff was on inquiry notice of a claim based on the allegations.[5]

The Amended Complaint asserts causes of action for breach of contract and negligence that on their face accrued outside the statute of limitations.[6] On March 5, 2010, Plaintiff and Defendant entered into the Second Agreement.[7] The Amended Complaint states, "Plaintiff made the requisite payment on March 5, 2010 and March 12, 2010, in the amount of $500.00 and $3,000.00 to Defendant, respectively. Defendant then commenced work; however, Defendant only worked for three (3) days before once again abandoning the Project."[8] Viewing the facts in a light most favorable to Plaintiff, the statute of limitations began to accrue on March 15, 2010, when Defendant ceased work at the Funeral Home.[9] The Complaint was filed on August 28, 2014, outside the three-year statute of limitations. Because the Complaint asserts a cause of action that on its face accrued outside the statute of limitations, the Court must determine whether Plaintiff has pleaded sufficient facts to invoke a tolling doctrine.

"The [T]ime of [D]iscovery rule provides that in certain cases, a cause of action does not accrue until a party has reason to know that he or she has a cause of action."[10] The Time of Discovery rule "is narrowly confined in Delaware to injuries which are both: (a) inherently unknowable; and (b) sustained by a blamelessly ignorant plaintiff."[11] The statute of limitations "will begin to run only upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts."[12] "These facts must usually be observable or objective factors that would alert laymen to the problem."[13]

---

[3] *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *14 (Del. Ch. 2008).

[4] *Id.*

[5] *Id.*

[6] Under Delaware law, "[t]he statute of limitations begins to run when a plaintiff's claim accrues, which occurs at the moment of the wrongful act and not when the effects of the acts are felt." *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *6 (Del. Super. 2013).

[7] Amended Complaint ¶ 14 ("Am. Compl.") (Trans. ID 56940432).

[8] *Id.* ¶¶ 15–16.

[9] *Id.*

[10] *S&R Assocs.*, 725 A.2d at 439.

[11] *Farm Family Cas. Co. v. Cumberland Ins. Co., Inc.*, 2013 WL 5488656, at *5 (Del. Super. 2013) (internal quotations omitted).

[12] *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004) (internal citations omitted).

[13] *Van Lake*, 2013 WL 1087583, at *8 (quoting *Island Farm, Inc. v. Master Sidlow & Assocs., P.A.*, 2007 WL 2758775, at * 2 (Del. Super. 2007)).

For purposes of a motion to dismiss, Plaintiff has pleaded facts sufficient to justify tolling the statute of limitations under the Time of Discovery rule for the allegations in Count I (Breach of First Agreement), Count II (Breach of Second Agreement), and Count IV (Negligence) relating to: (1) construction work in the interior of the walls, chimney, and roof; (2) failure to be licensed in Delaware; and (3) failure to obtain the appropriate permits. Paragraph 18 of the Complaint states that in early 2013 Plaintiff had discussions with the City of Milford Code Enforcement and Inspections Department and discovered that "Defendant did not replace the roof shingles and underlying damage as promised but instead just added additional tiles to hide the deficiencies, never completed work on the chimney and rewired the building in a dangerous fashion (if it was done at all)." Thus, Plaintiff was on notice of Defendant's alleged wrongful conduct after discussions with the Code Enforcement Department in 2013.

Aside from the aforementioned allegations, however, it is clear from the face of the Amended Complaint that the remaining averments in Count I, Count II, and Count IV are time-barred by the statute of limitations. For example, Plaintiff alleges, "Defendant never completed the work agreed to in the Agreement or Second Addendum, including without limitation completing the kitchen or bathroom on the second floor, installing the doors, painting, completing the cabinets and chimney work, installing carpet on the first floor, installing lights throughout the first floor and installing tile in the morgue and bathroom."[14] These are observable factors "sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts."[15] Moreover, Plaintiff only alleges blameless ignorance as to: (1) construction work in the interior of the walls and roof; (2) failure to be licensed in Delaware; and (3) failure to obtain the appropriate permits.[16]

Finally, to the extent Plaintiff asserts Defendant breached the implied warranty of good quality and workmanship, this claim is also time-barred by the three-year statute of limitations.[17] Although "Delaware law recognizes an implied warranty of good quality and workmanship,"[18] the Time of Discovery rule does not apply to implied warranties, which arise as a matter of law.[19]

---

[14] Am. Compl. ¶ 17. As previously discussed, Plaintiff has pleaded sufficient facts to demonstrate that Plaintiff was blamelessly ignorant and did not discover facts to put it on inquiry or actual notice of Defendant's wrongful conduct relating to the chimney work until 2013.

[15] *See Van Lake*, 2013 WL 1087583, at *8; *Wal-Mart Stores, Inc.*, 860 A.2d at 319.

[16] *See* Am. Compl. ¶ 21 ("Plaintiff was blamelessly ignorant of the construction defects that occurred in the interiors of the walls at the Funeral Home and on the roof until conversations with the Code Enforcement and Inspections office."); *Id.* ¶ 22 ("Plaintiff further had no reason to doubt that Defendant was licensed and properly applied for permits until that time . . . .").

[17] *Id.* ¶ 25 ("Pursuant to the terms of the Agreement, Defendant agreed to complete the work in the Project in a satisfactory manner exercising the degree of skill, knowledge, care and judgment that would normally be exercised in such circumstances by a general contractor.").

[18] *Bromwich v. Hanby*, 2010 WL 8250796, at *3 (Del. Super. 2010).

[19] *Marcucilli v. Boardwalk Builders, Inc.*, 2002 WL 1038818, at *4 (Del. Super. 2002).

"[I]gnorance of the facts constituting a cause of action does not act as an obstacle to the operation of the statute . . . ."[20] Consequently, Count I, Count II, and Count IV are time-barred by the three-year statute of limitations except for the allegations relating to: (1) construction work in the interior of the walls, chimney, and roof; (2) failure to be licensed in Delaware; and (3) failure to obtain the appropriate permits.

**Count III: Fraud**

Allegations of fraud are subject to a heightened pleading standard. Rule 9(b) requires that "the circumstances constituting fraud . . . shall be stated with particularity." The Court will "disregard conclusory allegations unsubstantiated by specific factual details that would support a rational inference that a particular defendant committed common law fraud."[21]

Plaintiff's allegation of fraud is wholly conclusory and unsubstantiated by any specific factual details. Plaintiff alleges "Defendant repeatedly made misrepresentations to Plaintiff, including that (a) Defendant was licensed in Delaware; (b) that Defendant was obtaining all the necessary permits for the job; and (c) that Defendant was conducting quality work."[22] Plaintiff merely alleges that "implied in the Agreement was that Defendant was properly licensed and that it would get all appropriate permits for the Project."[23] Plaintiff does not allege Defendant made any specific statements that Defendant was licensed in Delaware or that Defendant was obtaining the necessary permits. Count IV must be dismissed because it is not pleaded with the requisite particularity.

**Count IV: Negligence**

To the extent the negligence claim is not time-barred by the statute of limitations, the Court defers ruling on Defendant's argument that the claim is impermissibly bootstrapped to the breach of contract claims. In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff asserts, "Defendant breached more than just the duty it owed to Plaintiff pursuant to the Agreements; Defendant also failed to exercise the degree of care and skill ordinarily exercised by contractors in conducting repairs, obtaining licenses and obtaining permits."[24] The Court requires supplemental legal memoranda concerning Plaintiff's argument that contractors have an independent common law duty to exercise reasonable care in performing contractual obligations. Plaintiff shall file a legal memorandum not to exceed 15 pages (limited to 7 pages) by August 26, 2015. Defendant's response (also limited to 15 pages) shall be filed by September 8, 2015, and Plaintiff's reply (limited to 7 pages) shall be filled on September 15, 2015.

**IT IS SO ORDERED.**

---

[20] *Began v. Dixon*, 547 A.2d 620, 623 (Del. Super. 1988).

[21] *Metro Commc'n Corp. BVI v. Advanced MobileComm Techs. Inc.*, 854 A.2d 121, 144 (Del. Ch. 2004).

[22] Am. Compl. ¶ 37.

[23] *Id.* ¶ 9.

[24] Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, at 7–8 (Trans. ID. 57168368).

Very truly yours,


Jan R. Jurden, President Judge


cc: Prothonotary